*855 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the courts below that the Zoning Board of Appeals did not act arbitrarily and capriciously in entertaining the application of the tenant, Mobil Oil. Although the appellants, the owners of the property, urge that the Board should not consider an application for variances made by a tenant unless the fee owner consents, or permits the tenant to act as agent for the owner, the applicable statute is not so limited. Section 267 of the Town Law provides that an appeal may be taken by any “aggrieved person”, which has been held to include persons other than the fee owners (see, e.g., Reizel v Exxon Corp., 36 NY2d 888; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656).
In this case, where the evidence before the Board showed that Mobil was the tenant, had paid the property taxes, and had made prior applications to the Board on its own, and on one occasion with the support of the owner, it cannot be said that the Board acted unreasonably in considering and granting its application for the zoning variances.
In addition we would note that the lease submitted to the court in this article 78 proceeding authorizes the tenant, in broad terms, to make improvements to the property thus demonstrating that in fact the owners’ challenge to the tenant’s standing is unfounded.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.