Max Bloom, J.
Petitioner seeks the appointment of a receiver of the property of respondents, pursuant to CPLR 5228.
The facts giving rise to the application are simple.^ Petitioner brought action against the respondents to recover for injuries suffered in an automobile accident.
A policy of liability insurance had previously been issued by Nationwide Mutual Insurance Company to respondents. For reasons best known to itself, Nationwide refused to appear or defend on behalf of respondents. On inquest petitioner recovered judgment on his claim substantially in excess of the policy.
Thereafter, under section 167 (subd. 1, par. [b]) of the Insurance Law, petitioner brought action against Nationwide to recover the face amount of the liability policy. The trial resulfed in a judgment in favor of petitioner which was affirmed upon appeal (28 A D 2d 646). Following this, petitioner brought action against the insurer to recover the excess of the judgment, contending that the insurer, in disclaiming and failing to defend had acted in bad faith and was guilty of gross negligence. Nationwide thereupon moved to dismiss the complaint upon the ground that it failed to set forth a cause of action. This motion was granted. Presumptively, the ruling was bottomed on the tenet that no action will lie by an injured party directly against an insurance company to recover any amount in excess of the insured’s policy regardless of the bad faith, negligence or fraudulent conduct of the insurer in failing to settle in advance of trial (Browdy v. State-Wide Ins. Co., 56 Misc 2d 610). The *693 dismissal of the complaint was affirmed upon appeal (34 A D 2d 739).
To overcome the technical hurdle thus created petitioner now seeks the appointment of a receiver so that suit may be brought against the insurer by a legal representative of respondents.
There can now be no doubt that an insurer may be liable to its insured if, fraudulently, negligently or in bad faith it fails to settle a case brought against its insured thereby imposing liability personally upon the insured. Nor is it essential that the insured pay the excess judgment before action may be brought against the insurer. ‘ ‘ An insurer which has been guilty of bad faith, one which has deliberately shackled its insured with the crippling jeopardy of a large excess judgment, may not insist that the insured must sacrifice his assets and pay the judgment before suit. The very nature of the risk insured against prohibits the imposition of such prerequisite.” (Henegan v. Merchants Mut. Ins. Co., 31 A D 2d 12,13).
Nor is it essential that the action be brought by the insured himself. Since the action sounds in contract, it is sufficient if the action be brought by one who succeeds to the insured’s interest by operation of law, e.g., a trustee in bankruptcy (Young v. American Cas. Co. of Reading, Pa., 416 F. 2d 906) or a receiver in supplementary proceedings (Gordon v. Nationwide Mut. Ins. Co., 62 Misc 2d 689).
The insured here may have a right of action against its insurer, dependent upon whether the disclaimer and refusal to defend was made under sufficient color of right to negative bad faith, negligence or fraud. That right of action is a property right. By consequence the appointment of a receiver is justified.
Accordingly, the motion is granted.