■ GLENESE OPPEL, Individually and on Behalf of Her Infant Son, KENNETH OPPEL, Appellants, v ANTONIO DI GANGI et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kassoff, J.), entered August 26, 1980, as upon reargument, adhered to its prior decision denying plaintiffs' motion to appoint plaintiff Glenese Oppel (judgment creditor) as receiver under CPLR 5228 (subd [a]) of all claims that defendants (judgment debtors) may have against Empire Mutual Insurance Co. for bad faith refusal to settle plaintiffs' claim within the policy limits. Order reversed, insofar as appealed from, with $50 costs and disbursements, and upon reargument, plaintiffs' motion is granted. Plaintiffs, judgment creditors, had moved to appoint plaintiff Glenese Oppel as receiver under CPLR 5228 (subd [a]) of all claims the judgment debtors may have against Empire Mutual Insurance Co. for bad faith refusal to settle plaintiffs' claim within the policy limits. A claimant may obtain the appointment of a receiver for the insured's cause of action against the insurer (CPLR 5228, subd [a]; *Matter of Kreloff v Mendez*, 65 Misc 2d 692; *Levantino v Insurance Co. of North Amer.*, 102 Misc 2d 77). Special Term predicated its denial of the appointment of a receiver upon the alleged expense that a receivership would add to the case, and recommended that instead plaintiffs bring a special proceeding under CPLR 5227. We note, however, that Glenese Oppel has waived any right to be awarded commissions or to receive compensation for acting as receiver. In

addition, Ms. Oppel, as one of the two judgment creditors in the underlying negligence action, is not entitled to receive compensation under the language of CPLR 5228 (subd [a]). Thus, no receiver's fees would result in the case at bar. Similarly, plaintiffs' counsel has specifically waived any right to receive additional compensation for services in connection with the appointment of a receiver, stating that no fee beyond the initial contingency fee arrangement will be sought. Thus, no additional expense in the nature of counsel fees would be introduced by the receivership. The objectives which Special Term was trying to serve, such as avoidance of additional expense, would be better served in this case by allowing the judgment creditors to enforce their rights through the appointment of Ms. Oppel as a receiver under CPLR 5228. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.