■ MICHAEL BLOOM et al., Appellants, v TOWN BOARD OF THE TOWN OF YORKTOWN et al., Respondents. — In an action for a declaratory judgment, plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), dated June 26, 1981, which, after a nonjury trial, held that plaintiffs' claims regarding the zoning resolution of April 6, 1971 (Resolution No. 141), rezoning the eight-acre tract in question, were barred by plaintiffs' laches in the commencement of this action. Judgment reversed, on the facts, without costs or disbursements, and it is declared that the zoning resolution of April 6, 1971 was not legally adopted (*Bloom v Town Bd. of Town of Yorktown*, 80 AD2d 823). Upon the original trial and determination of this action, Special Term held that certain zoning resolutions were properly adopted. For this reason, the court did not rule on the defense of laches raised by defendants. Upon appeal, this court modified Special Term's judgment to the extent of holding that plaintiffs' claim of illegal adoption as it pertained to the zoning resolution of April 6, 1971, was correct and remitted the matter to Special Term for consideration of the laches defense (*Bloom v Town Bd. of Town of Yorktown, supra*). Upon such a remittitur, Special Term held (1) that laches may be a defense to this action, and (2) that plaintiffs were guilty of laches in their commencement thereof. We disagree with Special Term's finding that plaintiffs were guilty of laches. Before a party may be barred from proceeding because of laches, it must appear that he delayed in taking some action in a matter and that such delay accrued to his adversary's detriment or prejudice. Though there was some delay in the commencement of this action, we are unable to find any manner in which such delay prejudiced the defendants. While it is true that large sums of money were expended by defendant Darswan in regard to the construction project it intends to place upon the property involved in this action, which project was and would be permitted only as a result of the zoning change in question, it appears that as yet, no construction has begun on the site and that the money spent was for the obtaining of ownership of the parcel and various manners of design work which were necessary prerequisites for obtaining the zoning change in question. Since it has not been demonstrated that defendant Darswan made any expenditures in reliance upon the zoning change, we are unable to say, as did Special Term, that plaintiffs' action as regards the April 6 zoning resolution is barred by reason of their laches (see *Morrison v Matt-A-Mar, Inc.*, 36 AD2d 844). Titone, J. P., Mangano, Bracken and Boyers, JJ., concur.