OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree that notice to the County Planning Board of hearings on the proposed zoning amendment was required under section 277.61 of the Westchester County Administrative Code (Bloom v Town Bd., 80 AD2d 823, app dsmd *991 53 NY2d 938). The City argues, however, that even if such notice was required, plaintiffs are not entitled to summary judgment because they have not shown that there is evidence in the record which would establish beyond a reasonable doubt that notice of the hearings was not mailed to the County Planning Board. This argument incorrectly equates the presumption of constitutionality, which can only be rebutted under the reasonable doubt standard (Wiggins v Town of Somers, 4 NY2d 215, 218), with the presumption of regularity of procedures, which only shifts the burden of going forward to the party claiming that normal procedures were not followed (People v Richetti, 302 NY 290, 298).
Here, the City Clerk’s affidavit did not establish a normal procedure of giving the required notice. When it is read in the context of the other affidavits submitted by the City, it establishes only that notices were mailed when they were required under the City’s interpretation of section 277.61, and the City has taken the position that notice to the County was not required in the present case because the property involved does not abut a State or county road.
With respect to the City’s claim of laches, which is based on the 16 months that elapsed between enactment of the zoning amendment and the commencement of this action, there has been no showing of any substantial prejudice resulting from the delay. It is undisputed that no construction on the property had begun when the action was commenced (cf. Matter of Friends of Pine Bush v Planning Bd., 86 AD2d 246, 247-248, affd 59 NY2d 849; Zelenski v Incorporated Vil. of Patchogue, 51 AD2d 1055, 1056). The only assertion regarding prejudice that appears in the record (that Federal funds committed to the project site could be diminished or possibly lost if the project is delayed) is insufficient to establish that prejudice has actually resulted from the delay in bringing suit (see Bloom v Town Bd., 88 AD2d 895).
Finally, the City’s arguments that plaintiffs lack standing to raise any issue regarding notice to the County Planning Board and that this action is untimely under the applicable Statute of Limitations were not asserted in the City’s answer or in a pre-answer motion to dismiss and *992 have thus been waived (CPLR 3211, subd [e]; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656, 657; Trayer v State of New York, 90 AD2d 263, 265-266).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.