■ In the Matter of CARMELO GARGANO, Respondent-Appellant. KING MOTORCYCLE CORPORATION et al., Appellants-Respondents.—In a proceeding for the involuntary dissolution of a corporation, the appeal is from stated portions of an order of the Supreme Court, Kings County (Jones, J.), dated December 15, 1983, which, *inter alia,* ordered the sum of $4,706 to be paid into court, and petitioner cross-appeals, as limited by his brief, from so much of the order as limited the payment into court to $4,706.

Cross appeal dismissed, without costs or disbursements. The cross appeal was not perfected in accordance with the rules of

this court (22 NYCRR 670.8; *Cooper v Bosse,* 85 AD2d 616, 617).

Order affirmed, insofar as appealed from, without costs or disbursements.

Soon after this proceeding for the involuntary dissolution of the King Motorcycle Corporation was commenced by petitioner, the corporation, by order of the Supreme Court, Kings County (Ramirez, J.), dated January 15, 1982, was restrained and enjoined from disposing of its property and assets, except in the ordinary course of business.

The order was subsequently modified by Justice Monteleone to permit an auction sale of some of the corporation's motorcycles, on the condition that the proceeds from the sale were to be held in escrow by its attorney. The corporation collected $11,806 at the auction, of which $4,706 was profit. However, the proceeds were never placed in escrow.

Petitioner first learned that the funds were not placed into escrow more than one year after the auction was held. Petitioner then moved, *inter alia,* for the appointment of a temporary receiver and for an order directing appellants-respondents to account for their misuse of corporate assets.

After a hearing, Special Term, *inter alia,* directed two of the appellants-respondents to deposit $4,706 with the court. We disagree with their contention that this portion of the order was error, as Special Term was merely assuring compliance with Justice Monteleone's prior order. Petitioner's motion is not barred by laches because appellants-respondents were not prejudiced by petitioner's delay in making the motion (*Bloom v Town Bd.,* 88 AD2d 895).

We have reviewed the other contentions of the parties on the appeal and find them to be without merit. We note that the portion of appellants-respondents' appeal which was directed to so much of the order as restrained appellants-respondents Carmelo and Joan Gargano from gaining access to safe deposit boxes was dismissed by a prior order of this court. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.