■ ANTHONY J. VITALE, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. ANTHONY J. VITALE, as Receiver of the Claims of ROBERT J. HAGAN, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered on August 3, 1990, which, *inter alia,* granted plaintiff Vitale's motion to be appointed receiver pursuant to CPLR 5228 (a), of Hagan's causes of action for indemnification and legal malpractice against the City, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered on October 1, 1990, which, *inter alia,* granted plaintiff's motion to be substituted as receiver of Hagan's claims against the City pursuant to CPLR 1017, unanimously affirmed, without costs.

Plaintiff is the judgment creditor of defendant Hagan pursuant to a judgment for malicious prosecution and battery obtained against Hagan and the City after a jury trial. Plaintiff's claim for malicious prosecution was dismissed as against the City on the grounds that plaintiff had filed a premature notice of claim *(Vitale v Hagan,* 71 NY2d 955, *rearg denied* 72 NY2d 910). Although the City had previously represented that it would indemnify Hagan pursuant to General Municipal

Law § 50-k, after the Court of Appeals rendered its decision, the Corporation Counsel notified Vitale that it would not pay Hagan's portion of the judgment. Since plaintiff was left with an unsatisfied judgment against Hagan in the amount of $800,000 plus interest, plaintiff moved to compel the City to indemnify Hagan. Plaintiff's motion was denied on the ground that plaintiff lacked standing to bring an action for indemnification against the City (Edwards, J.).

On June 30, 1989, Hagan commenced an action against the City for legal malpractice arising out of the Corporation Counsel's legal representation of Hagan. After the passage of almost a year, during which time Hagan took no action to prosecute his claims against the City, plaintiff Vitale moved for an order appointing him receiver of Hagan's claims against the City. Contrary to the City's argument, there was nothing improper about the court's appointment of Vitale as receiver since Hagan's causes of action for indemnification and legal malpractice were assignable to Vitale as the judgment creditor (CPLR 5201 [a]; 5228 [a]; *see, Oppel v Di Gangi,* 84 AD2d 549). Furthermore, plaintiff's legitimate effort to collect on the debt owed by Hagan by resorting to the City's alleged debt to Hagan is not undermined by the fact that plaintiff lacked standing himself to compel the City to indemnify Hagan. The City's additional argument that Vitale's appointment as receiver may give rise to conflicts of interest is also unavailing. Inasmuch as Vitale's appointment as receiver of Hagan's causes of action was proper, so too was the substitution of him as receiver pursuant to CPLR 1017. Concur— Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.