■ In the Matter of ANDREW PAULUCCI, Appellant, v MAURICE BAER et al., Respondents. [628 NYS2d 135] —In a proceeding to dissolve Andrew Paulucci, Inc., brought by the petitioner Andrew Paulucci in his capacity as a shareholder in Andrew Paulucci, Inc., the petitioner appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered January 6, 1993, which, without opposition, granted a motion to enter judgment based upon a Referee's findings, and (2) an order of the same court, entered February 5, 1993, which, (a) upon the court's own motion, considered the appellant's papers filed in opposition to the motion, and, in effect, vacated the default but adhered to the original determination granting the motion to enter judgment based upon the Referee's findings, and (b) declined to vacate a judgment of the same court, entered January 6, 1993, based upon the Referee's findings.

Ordered that the appeal from the order entered January 6, 1993, is dismissed; and it is further,

Ordered that the order entered February 5, 1993, is affirmed; and it is further,

Ordered that the respondents Maurice Baer, Aaron Baer, Efficient Management Service, Inc., and 137-41 South Fifth Avenue, Inc., are awarded one bill of costs.

The respondents, Maurice Baer and Aaron Baer, are shareholders of a corporation known as Andrew Paulucci, Inc. (hereinafter API). The Baers are also principals of 137-41 South Fifth Avenue, Inc., which was the landlord of API's primary place of business.

API ceased active operations on August 31, 1990. Thereafter, Andrew Paulucci operated the business on the same site through his new corporation, E-Z Folding and Graphics Corp.

Andrew Paulucci commenced the instant proceeding to dissolve API in or about December 1990. By order of the Supreme Court, Westchester County, entered July 2, 1991, the controversy was referred to a Referee "to determine the facts which determinations, in accord with law, shall be conclusive". By order of the same court, entered January 6, 1993, the court granted the motion for leave to enter judgment in accordance with the Referee's findings, without opposition, and a judgment was entered incorporating the Referee's findings. The judgment, *inter alia,* awarded API judgment against E-Z Folding and Graphics Corp. for rent for the period from September 1, 1990, through September 30, 1992, at the rate of $23,333 per month. The judgment also appointed Maurice

Baer as substitute receiver of API "so that there can be immediate preservation of the building by 137-41 South Fifth Avenue, Inc.".

Shortly thereafter, the petitioner submitted opposition papers to the motion for leave to enter judgment. By order entered February 5, 1993, the court, after considering those papers, and, in effect, vacating the default, adhered to the original determination.

The appeal from the order entered January 6, 1993, must be dismissed, because no appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511).

The appellant alleges that the rent awarded to API from E-Z Folding and Graphics Corp. of $23,333 per month for the period from September 1, 1990 until September 30, 1992, was excessive. However, the appellant Andrew Paulucci lacks standing to raise that contention. That issue is not properly before us, since E-Z Folding and Graphics Corp. is not an appellant.

We further find that the appointment of Maurice Baer as receiver of API was not an improvident exercise of discretion. As a principal of API's landlord, Maurice Baer was in the best position to wind up the affairs of the corporation. It is uncontested that since his appointment "a $500,000 Receiver's Bond has been obtained and duly filed in the Office of the Westchester County Clerk" to protect Paulucci's interests (see, Greer v Greer, 124 AD2d 707; see also, Vitale v City of New York, 183 AD2d 502). Although Maurice Baer's financial dealings were under investigation by the Federal Government, there is no evidence in the record that those allegations were established.

The petitioner's remaining contentions are without merit. Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.