■ GLORIA B. GILMAN et al., Respondents, v JEAN PAUL ABAGNALE et al., Appellants, et al., Defendants. [653 NYS2d 176] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 16, 1995 in Columbia County, which, *inter alia*, denied certain defendants' motions for summary judgment dismissing the complaint against them.

This action was commenced by plaintiffs against, among others, defendants Jean Paul Abagnale, Robert Ross, Columbia Ridge Inc. and A&R Associates for trespass, waste and intentional conversion of timber and minerals. The dispute surrounds a parcel of land in the Town of Austerlitz, Columbia County. Plaintiffs assert, *inter alia*, that defendants wrongfully trespassed on their property and damaged it by cutting and

removing timber and creating an artificial lake. According to plaintiffs, defendants had both actual and constructive notice of their ownership of this property. Plaintiffs seek, *inter alia,* compensatory, punitive and treble damages pursuant to RPAPL 861.

The precise issue before this Court is whether plaintiffs have standing to commence the action in the first instance. Columbia moved for summary judgment dismissing the complaint contending that plaintiffs lack standing to sue. Specifically, Columbia asserted that "[i]n the absence of any legally cognizable claim of ownership, the plaintiffs *lack standing to sue.* Consequently, their [c]omplaint must be dismissed" (emphasis supplied). Abagnale, Ross and A&R Associates joined in Columbia's motion and also sought summary judgment in their favor.[1] Plaintiffs cross-moved for summary judgment and sanctions against Abagnale, Ross, A&R Associates and Columbia (hereinafter collectively referred to as defendants) arguing that they overlooked pertinent documents establishing their ownership of the disputed property.

On appeal, defendants continue to assert that "[i]f [plaintiffs] do not possess valid legal record title, then they have *no standing*" (emphasis supplied). Indeed, the crux of defendants' argument is that this matter can be resolved as a matter of law. Whether a party "seeking relief is a proper party to request an adjudication is an aspect of justiciability which, when [properly] challenged, must be considered at the outset of any litigation" (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769). Lack of standing is a legal impediment to bringing an action or, as more apropos to the instant case, a bar to having a court reach the merits of an action already commenced.

It is essential, however, that a party raise the legal argument of lack of standing to sue in its answer to a complaint or in a preanswer motion to dismiss (*see,* CPLR 3211 [a] [3]; [e]; *see also, Dougherty v City of Rye,* 63 NY2d 989, 991). The failure to do so is fatal in that it constitutes a waiver of this argument at all subsequent phases of the litigation (*see, Dougherty v City of Rye, supra; Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656; *National Assn. of Ind. Insurers v State of New York,* 207 AD2d 191, 197; *Muchnick v Alcamo Supply & Contr. Corp.,* 169 AD2d 711). Here, none of defendants raised plaintiffs' lack of standing to sue in their respective answers to the complaint or

---

1. In a reply affidavit submitted by Abagnale, Ross and A&R Associates, their counsel averred that "defendants present to the [c]ourt the merits and request a *legal ruling* that plaintiffs in effect *lack standing* to assert that they own the [disputed] property" (emphasis supplied).

in a preanswer motion to dismiss. Accordingly, we must find that each has waived the legal argument that plaintiffs lack standing in this case (*see, supra; see also,* CPLR 3211 [a] [3]; [e]). In so holding, we stress that the issue of whether plaintiffs own the disputed property has not been resolved and to the extent that plaintiffs' ownership has been contested by defendants, it remains a viable defense.

To the extent that defendants contend that Supreme Court erred in denying their respective motions for summary judgment because plaintiffs failed to raise material issues of fact requiring a trial with respect to the state of their title to the disputed property, we disagree. Initially, it is worth noting that *no* party has ever commenced an action pursuant to RPAPL article 15 seeking to quiet title to this parcel of land. In order to sustain their cause of action sounding in trespass, plaintiffs must allege and prove sufficient facts tending to show that defendants had the requisite willful intent to intrude upon plaintiffs' property (*see, Ivancic v Olmstead,* 66 NY2d 349, 352, *cert denied* 476 US 1117; *Kulpa v Stewart's Ice Cream,* 144 AD2d 205, 207). To establish a cause of action sounding in conversion, plaintiffs are required to "establish legal ownership of a specific identifiable piece of property and [defendants] exercise of dominion over or interference with the property in defiance of plaintiff[s'] rights" (*Ahles v Aztec Enters.,* 120 AD2d 903, *lv denied* 68 NY2d 611; *accord, United Sys. Assocs. v Norstar Bank Upstate N. Y.,* 171 AD2d 922, 923). Waste is any "destruction, misuse, alteration, or neglect of premises by one lawfully in possession thereof to the prejudice of the * * * interest therein of another" (107 NY Jur 2d, Waste, § 1, at 386).

Clearly, defendants may assert as a *defense* to these claims that plaintiffs do not possess legal ownership of the property. However, the papers submitted by plaintiffs in opposition to defendants' motions unquestionably raise material issues of fact regarding the ownership of the land at issue. Because the record before this Court is insufficient to establish as a matter of law that plaintiffs do not have title to the disputed property, defendants are not entitled to summary judgment dismissing the complaint (*see generally, Lico v Tarantelli,* 215 AD2d 999).[2]

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. We further note that, pursuant to RPAPL 861, probable cause to believe that one owns land is a defense to liability and an award of treble damages *(see,* RPAPL 861 [2]). Notably, the burden of proving same is on a defendant *(see, Cunningham v Brischke,* 167 AD2d 604, 605). As noted, a question of fact exists with respect to this issue in this case thereby preclud-

ing summary judgment (see, *Buholtz v Rochester Tel. Corp.*, 40 AD2d 283, 288, *appeal dismissed* 33 NY2d 939).