*288 OPINION OF THE COURT
Charles J. Markey, J.
Plaintiff John Konvalin, by order to show cause, requests this court to name a specific attorney, who shall be referred to simply as D.R. in the event this opinion is selected for publication, as receiver for the defendant. The law office of Norman Volk & Associates, PC., in Manhattan, represented the defendant in the underlying personal injury case. The successor counsel of Norman Volk & Associates, PC. is Baker, McEvoy, Morrisey & Maskovitz, located at 333 West 34th Street, New York, New York.
In 1998, the plaintiff retained counsel to represent him with regard to an automobile accident that occurred nine years ago, on April 3, 1997. Defense counsel of Norman Volk & Associates, EC. failed to appear for the jury trial. Supreme Court Justice Richard D. Huttner, on April 7, 2003, over six years after the automobile accident, accordingly, struck the answer of defendant Tan Hai Ying, held an inquest, and awarded the plaintiff the sum of $250,000 in damages. A judgment in the amount of $256,223.08, after computing interest and costs, was recorded by the County Clerk on July 3, 2003.
Norman Volk & Associates, EC. is the counsel for American Transit Insurance Company. American Transit, to date, has refused to pay anything toward the judgment.
Plaintiffs present counsel, Wilbert Ramos, Esq., now brings a motion alleging that the defense insurer, American Transit, allegedly authorized to do business in the State of New York, and its counsel, Norman Volk & Associates, EC., failed to negotiate a settlement of the underlying personal injury claim in good faith, failed to represent the defendant in the underlying matter properly and competently, and failed to protect the interests of the defendant after a judgment was issued by the court.
Now, as of July 2006, plaintiff, American Transit, and Norman Volk & Associates, EC. complain that, although the defendant once resided in Rego Park in Queens County, he cannot be located. Citing CPLR 5228 (a), plaintiff urges that this court has the authority to appoint a receiver to go after proceeds of American Transit and Norman Volk & Associates, EC. Christopher Major, Esq., of Robinson & Cole, LLE on behalf of American Transit and Norman Volk & Associates, EC., urges that he has information that defendant Ying is now in “China” and that plaintiff should make greater use of its time by pursuing Ying in China. Mr. Major fails to elaborate on the whereabouts *289 of Mr. Ying or to specify whether, in referring to “China,” he meant the People’s Republic of China or Taiwan.
At any rate, this court will not lend its imprimatur to the wild goose chase urged by counsel for the insurer and its law firm in the underlying dispute. The court, having reviewed and considered all the papers, agrees with Mr. Ramos that the allegations regarding the conduct of American Transit and Norman Volk & Associates, RC. are, to say the least, disturbing. The court agrees that a receiver must be appointed for defendant Tan Hai Ying so that he or she can proceed against American Transit and its in-house counsel, Norman Volk & Associates, EC. In affirming the appointment of a receiver under circumstances similar to those in the present case, the Appellate Division, First Department, in Vitale v City of New York (183 AD2d 502, 503 [1992]), stated, “Contrary to the City’s argument, there was nothing improper about the court’s appointment of Vitale as receiver since Hagan’s cause of action for indemnification and legal malpractice were assignable to Vitale as the judgment creditor.”
Another attorney for Norman Volk & Associates, EC., John F.X. Peloso, Jr., Esq., argues that the appointment of a receiver should be barred by laches. The argument lacks merit and is, indeed, disingenuous (see, Matter of Gargano, 112 AD2d 224 [2d Dept 1985]).
Mr. Ramos’s order to show cause goes further and urges that D.R., an attorney admitted in New York, be appointed as receiver. The undersigned certainly appreciates the guidance and suggestions of counsel, although the request to name, in this instance, a specific lawyer as receiver is presumptuous.
Under part 36 of the Rules of the Chief Judge, lawyers throughout the state are invited to apply for certification to a “part 36” (22 NYCRR part 36) list of eligible attorneys for appointment to a host of fiduciary capacities, including guardian, receiver, and many others. This court" has perused on the Office of Court Administration Web site the lengthy list of numerous attorneys who have qualified in Queens County to be a receiver under part 36. Although there are names of many talented attorneys on the part 36 list, the court notes that the attorney who is appointed in the present case is not the garden variety receiver who manages property and collects revenue. In this case, the court-appointed receiver needs to be a respected and fearless litigator who can prosecute an action, if necessary, and make recommendations both to this court and to the Superintendent of Insurance.
*290 The attorney named by Mr. Ramos, D.R., Esq., is not on the part 36 list. Although this court has not found case law on the requirement, the court is reliably advised by Mr. Alan Lowe, the Fiduciary Clerk to the Honorable Leslie G. Leach, Administrative Justice for the courts in Queens County, that a lawyer designated as a receiver does not have to be on the part 36 list if the justice can provide an explanation for the reasons going outside of the list.
Thus, the fact that D.R. is not on the list does not disqualify him. Mr. Ramos, however, provides very little information concerning D.R., other than he is an attorney who shares office space with him. Geographical proximity to the office of plaintiff s counsel is not the criterion for selection uppermost in the mind of the court. Rather, it is the court’s knowledge that the attorney chosen will have the good ethics, sound judgment, and courage to proceed to litigation, if necessary, to obtain a just outcome.
Having done independent legal research on Westlaw regarding the matters that D.R. has litigated, the court notes that he has litigated personal injury cases in the trial and appellate courts of this state. This court still does not believe that this is sufficient. The court needs to be personally convinced that it is making a prudent choice. Using the above criteria, the court appoints Warren S. Goodman, Esq., as receiver for the defendant. The court vests in Mr. Goodman the responsibility to make any decision and take any action necessary to achieve a just result. The court has been personally acquainted with Mr. Goodman since 2002. This court has met and consulted Mr. Goodman on a number of legal matters involving attorney’s liens under the Judiciary Law, trial practice, and the law of “serious injury” under Insurance Law § 5102 (d). Mr. Goodman is a solo practitioner who specializes in litigation. He conducts himself with outstanding adherence to legal ethics. In light of his contributions and suggestions, this court would not sit in judgment on any case in which Mr. Goodman is involved (and the issue has not yet arisen). His judgment, sense of fair play, personal dealings, and talents are exemplary.
Accordingly, the plaintiff’s motion to appoint a receiver is granted to the extent that the court appoints Warren S. Goodman, Esq., as receiver. To comply with CPLR 6403, Mr. Goodman shall post a bond or undertaking in the amount of $1,000 to meet his responsibilities.
This court further notes that Norman Volk & Associates, EC. is represented by a law firm from Connecticut, Robinson & *291 Cole, LLE which has attorneys who are admitted in the State of New York. All of the papers in this case have been served by using an overnight delivery service as is permitted under CPLR 2103 (b) (6). It appears that Robinson & Cole, LLP has an office in the State of New York, specifically at 885 Third Avenue, New York, New York, so as to comply with the definition of “mailing” posited in CPLR 2103 (f) (1) (mailing “within the state”).
In light of the expenses associated with the motion, the court awards plaintiffs counsel the sum of $3,000 as legal fees and costs and disbursements for the time in the making of this motion and the considerable time spent traveling and appearing for the oral argument. The sum of $3,000 shall be paid to plaintiffs counsel by American Transit and/or Norman Volk & Associates, EC. or their successor attorneys on or before July 31, 2006. Mr. Ramos shall inform Mr. Major whether the check should be payable to him or to Mr. Tangredi.
Moreover, on or before July 31, 2006, Mr. Ramos and Mr. Major shall each mail to Mr. Goodman a copy of all pleadings and documents in the underlying personal injury action and on this motion, addressed to: Warren S. Goodman, Esq., 138 Chatsworth Avenue, Larchmont, New York 10538-2949 (telephone number 914-833-2930).
Finally, the attempted and undated “Notice of Motion to File Surreply” accompanied by the affirmation of John F.X. Peloso, Jr., Esq., of Robinson & Cole, LLE noticed for July 14, 2006, was not read on this motion and is procedurally inappropriate, rejected, and, in short, denied.