*504 OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The motion by defendants Richard DeVeaux, M.D., Andrzej Riess, M.D., and Norris Allen, M.D., for an order pursuant to CPLR 3211 (a) (3), (5) and (7) dismissing plaintiffs complaint as to said defendants, is granted. Defendants’ further motion for an order pursuant to CPLR 3101, 3102, 3120, 3124 and 3126, compelling codefendant Bronx Lebanon Hospital Center to provide them with a certified copy of its medical records for both “Baby Girl W.” and VW, is granted without opposition. Defendants’ further motion for an order consolidating this action with the action titled “V.W. by her legal guardian, C.N. v Bronx Lebanon Hospital, et al.” under index number 3032XX/ 07, is deemed moot. The request by defendants for an order staying both actions is denied. The cross motion by plaintiff for an order striking the tenth affirmative defense of defendants DeVeaux, Riess and Allen, which claims that plaintiffs do not have standing to maintain this action, is denied.
This matter was referred to this court by Judge Sallie Manzanet-Daniels as this court presided over the guardianship proceeding involving VW. and the court’s decision and order in that case was filed under seal.
The guardian of VW, C.N., brought this action against the defendants on behalf of the infant daughter of VW as a result of severe injuries the infant sustained at birth. Defendants De-Veaux, Riess and Allen move to dismiss the complaint on the ground that C.N. lacks standing and/or capacity to prosecute this action. Defendants argue that pursuant to CPLR 1202, a person under the age of 18 may only appear by one of the other representatives enumerated in CPLR 1201. Said representatives include a guardian, a parent having legal custody or another individual having legal custody. Defendants assert that C.N. is the guardian of the infant’s mother, VW, but there is no allegation in the complaint that C.N. has been appointed the guardian for the infant. Moreover, there is no evidence that C.N. has legal custody of Baby Girl W and the authority to prosecute this action on her behalf.
In addition, defendants point out that the infant’s father, K.G., is not deceased and in fact, he filed a separate order to show cause to remove C.N. as the guardian of the infant plaintiff and substitute him as the representative of the infant in this action. Therefore, defendants assert that C.N. does not have standing to prosecute this action on behalf of the infant.
*505 Plaintiff opposes the motion and cross-moves for an order striking the affirmative defense raised by defendants DeVeaux, Riess and Allen in their answer wherein said defendants assert that plaintiffs do not have standing to maintain this action. Plaintiff argues that VW. is the mother of the infant plaintiff and she would have had standing to maintain this action on behalf of her daughter had she not suffered her own injury. Plaintiff cites to paragraph (i) of the commission given to C.N. as guardian of VW. Said commission states that C.N. may retain legal counsel for representation of any civil judicial proceeding that VW. may have been entitled to commence if she were competent. Plaintiff asserts that since VW. has a right to bring the action on behalf of her daughter and she has not been stripped of her rights as guardian of her child’s property by any court, then C.N. has the legal capacity to act on her behalf. Therefore, plaintiff opposes defendants’ motion and cross-moves to strike the affirmative defense of lack of standing.
Under CPLR 3211 (a) (3), a party may move to dismiss one or more causes of action on the ground that the party asserting the cause of action does not have legal capacity to sue. Lack of standing to sue has been held by the courts of this state to fall within the category of lack of capacity to sue and a party must raise that legal argument in its answer as failure to do so constitutes a waiver of that legal argument. (Security Pac. Natl. Bank v Evans, 31 AD3d 278 [1st Dept 2006]; Gilman v Abagnale, 235 AD2d 989 [3d Dept 1997].)
CPLR 1201 states, “Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody.”
In the case at bar, C.N. was appointed to serve as the guardian of the infant plaintiffs mother VW. only. Plaintiffs interpretation of the provision in the commission permitting C.N. to bring a civil judicial proceeding on behalf of VW to mean that she also has standing to maintain a lawsuit on VW’s daughter’s behalf is erroneous. VW was declared by this court to be an incapacitated person requiring the appointment of a guardian. The guardian has the right to commence a lawsuit on VW.’s behalf but that does not mean that the guardian has the right to bring an action on behalf of the child of VW. Absent any proof that C.N. has legal custody of the infant plaintiff or that she is her guardian, C.N. does not have standing to maintain this action on behalf of the infant plaintiff.
Moreover, there is no evidence that the parental rights of the infant plaintiff’s father, K.G., have been terminated by any *506 court. Defendants submit a copy of an order to show cause brought before Judge Manzanet-Daniels wherein K.G. sought to remove C.N. as the representative of the infant plaintiff and sought to be substituted as her representative in this action. That motion was denied by Judge Manzanet-Daniels without prejudice and with leave to renew before this court. However, no such motion has yet been filed before this court for its consideration.
Accordingly, the motion by defendants to dismiss the plaintiffs complaint on the ground that C.N. does not have standing to prosecute this action is granted. Defendants’ further motion for an order consolidating this action with the action involving VW is deemed moot. Defendants’ further motion for an order staying all of the actions is denied as defendants have provided no basis for such a stay.
That branch of defendants’ motion which requested an order compelling codefendant Bronx Lebanon to provide them with a certified copy of its medical records for both “Baby Girl W” and VW. is granted. This court did not receive any papers in opposition to that branch of defendants’ motion.
The cross motion by plaintiff for an order striking defendants’ affirmative defense of lack of standing is denied as plaintiffs complaint has been dismissed.