■ MARK S. BRANTLEY, Respondent, v MUNICIPAL CREDIT UNION, Appellant. [879 NYS2d 395]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered October 10, 2008, which, inter alia, ordered respondent's Board of Directors to reinstate the 2008 Nominating Committee and the nominees selected by that Committee and enjoined the Board from taking any action against the reinstated nominations or amending respondent's bylaws in a manner inconsistent with the Banking Law, unanimously affirmed, without costs. Respondent is directed to hold its 2008 election within 60 days of the date of entry of this order.

Respondent never argued before the motion court that petitioner lacked standing to assert his own claims; it argued only that he lacked standing to make claims with regard to certain persons who were not named parties in this proceeding. Having failed to argue in either an answer or a pre-answer motion to dismiss that petitioner lacked standing to assert his own claims, respondent waived that defense (*see e.g. Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278 [2006], *appeal dismissed* 8 NY3d 837 [2007]).

Similarly, respondent failed to argue that mandamus did not lie in this proceeding. As respondent itself contends with respect to some of petitioner's claims, an argument raised for the first time on appeal should not be considered.

Under the circumstances of this case, the court correctly determined that respondent's actions were not authorized. As currently written, respondent's bylaws make no provision for mid-year reconstitution of the Nominating Committee or for the Board's rejection of the Committee's list of candidates; indeed, article IV, section 9, supports the inference that the Board may not interfere with the Committee's choice of candidates. The business judgment doctrine does not help respondent in this case; "it constitutes no grant of general or inherent power in the directors to enforce against a shareholder an edict of the directors beyond their authority to make under . . . the bylaws of the corporation" (*Fe Bland v Two Trees Mgt. Co.*, 66 NY2d 556, 565 [1985]).

Petitioner made a showing of irreparable harm if an injunction were not granted. Before March 28, 2008, he was a

candidate for the 2008 election and had secured the number two spot on the ballot; on March 28, the chairman of respondent's Board notified petitioner that the Board had vacated his nomination. Given the animosity between the parties, it is highly unlikely that petitioner would be renominated by a reconstituted Nominating Committee.

Petitioner also showed that a balancing of the equities favored the injunction. Respondent will not be irreparably harmed if the election goes forward. First, the candidates selected by the Nominating Committee might not be elected; respondent's bylaws permits incumbents who are not selected by the Nominating Committee to run for the Board and the Supervisory Committee. Second, even if one or more candidates selected by the Nominating Committee are elected, the report of respondent's Supervisory Committee admits that they appear to be well qualified. Third, if respondent is aggrieved by the election results, it can find a shareholder to bring a petition pursuant to Banking Law § 466 (3). Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.