■ SARBJEET KAUR et al., Respondents, v AMERICAN TRANSIT INSURANCE COMPANY et al., Defendants, and BAKER, McEVOY, MORRISSEY & MOSKOVITS, P.C., Appellant. [926 NYS2d 517]—

On March 3, 2003, Major Singh was injured when he was struck by a car owned by Gladys Towncars, Inc. (Gladys) and operated by Jose Grullon. On April 7, 2003, Singh and his wife, Sarbjeet Kaur, commenced a personal injury action against Gladys and Grullon claiming damages in the amount of $5 million. Upon the failure of Grullon's insurer, American Transit Insurance Company (ATIC), to answer or appear in the suit, Supreme Court, Bronx County (Norma Ruiz, J.), entered a default judgment on April 6, 2005, against Gladys and Grullon in the amount of approximately $5.4 million. On July 5, 2007, this Court reduced the judgment to approximately $3.6 million and otherwise affirmed (*Singh v Gladys Towncars Inc.*, 42 AD3d 313 [2007]).

Plaintiff Kaur, who was appointed temporary receiver of the judgment debtors Gladys and Grullon with respect to the causes of action possessed by Gladys and Grullon, brought the instant action on March 3, 2008, alleging, inter alia, legal malpractice.* Plaintiff claims that ATIC's in-house counsel, Norman Volk & Associates, P.C. (Volk) failed to represent Gladys and Grullon in accordance with good and accepted legal principles and practices. Plaintiff further asserts that Baker, McEvoy, Morrissey & Moskovits, P.C. (BMMM) is liable as Volk's successor for the alleged malpractice.

By notice of motion dated September 12, 2008, BMMM moved for summary judgment dismissing the complaint against it on the grounds that it is not a successor to Volk, and has not merged or consolidated with Volk. In support, Ronit Moskovits, a partner at BMMM, submitted an affidavit stating that none of the principals of BMMM were principals of Volk, BMMM had not represented Gladys or Grullon in the underlying action, and BMMM had not assumed any of Volk's liabilities.

In opposition, plaintiff provided, among other documents, BMMM's October 2005 ex parte application to Supreme Court, New York County, requesting that BMMM be substituted for Volk as counsel in ATIC's 10,000 pending lawsuits, and the October 12, 2005 substitution order. In support of that application, John McEvoy, a partner at BMMM, submitted an affirmation, which states in pertinent part:

"I am associated with the law firm of Norman Volk & Associates, P.C., the primary counsel assigned by [ATIC] to represent

---

* In her complaint, the plaintiff alleges that ATIC, whose policy limit was $100,000, refused to pay any portion of the award. However, the motion court noted that the plaintiff settled and discontinued the action in May 2009 as against ATIC and Norman Volk, John McEvoy, Ronit Moskovits, Luis Munoz, individually, and Russo, Keane & Toner, LLP.

and defend the their policyholders and insureds in several thousand actions each year . . .

"I am also a partner in the law firm of [BMMM], a newly formed firm, established to assume and continue the representation and defense of the policyholders and insureds of [ATIC], necessitated by the pending retirement of Norman Volk from his position as Attorney of Record and from the daily practice of law . . .

"[Volk's] exclusive area of practice is in the representation of policyholders and insureds of [ATIC]."

In the application, Volk and BMMM also requested that the court direct substitution without requiring that Volk's clients execute individual consents, thereby insuring "uninterrupted defense in the thousands of actions." McEvoy affirmed: "[E]ach of the partners in [BMMM] are presently and have been employed by [Volk] for several years and it is the intent of [BMMM] to hire the majority of attorneys and staff members presently employed by [Volk]. Additionally, [BMMM] will be maintaining the same address and telephone number as [Volk]." Affirmations by Norman Volk and each of the partners at BMMM consenting to the substitution were also attached to the application.

Plaintiff also attached a decision in an unrelated 2006 receivership case in which, similar to this case, a receiver was assigned to proceed against ATIC and Volk for indemnification and legal malpractice. In that case, BMMM was identified as Volk's "successor counsel," and, under "Appearances of Counsel," Volk was listed as "Norman Volk & Associates, P.C., now known as Baker, McEvoy, Morrisey & Maskovitz [*sic*]" (*Konvalin v Tan Hai Ying*, 13 Misc 3d 287, 288 [Sup Ct, Queens County 2006]).

By decision and order dated December 31, 2009, the motion court denied BMMM's motion for summary judgment, finding that there are unresolved factual issues as to whether BMMM is a "mere continuation" of Volk's practice or whether BMMM "de facto merged with" Volk. For the following reasons, we find that BMMM's substitution for Volk in pending actions and its representations to the court that, essentially, Volk's attorneys would continue to work exclusively as counsel for ATIC at the same address and phone number but under a different name, establish as a matter of law that BMMM is a "mere continuation" of Volk.

Generally, a corporation that acquires the assets of another is not liable for the torts of its predecessor (*Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]). However, an

acquiring corporation may be liable as a successor if it is a "mere continuation" of the predecessor corporation (*id.* at 245). Such liability is imposed because "a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (*Grant-Howard Assoc. v General Housewares Corp.*, 63 NY2d 291, 296 [1984]).

The analysis for "mere continuation" should be "flexible" and "ask[ ] whether, in substance, it was the intent of [the successor] to absorb and continue the operation of [the predecessor]" (*Societe Anonyme Dauphitex v Schoenfelder Corp.*, 2007 WL 3253592, *5, 2007 US Dist LEXIS 81496, *13-14 [SD NY 2007], quoting *Miller v Forge Mench Partnership Ltd.*, 2005 WL 267551, *7, 2005 US Dist LEXIS 1524, *23 [SD NY 2005]). Relevant factors include transfer of management, personnel, physical location, good will and general business operation (*see NTL Capital, LLC v Right Track Rec., LLC*, 73 AD3d 410, 411 [2010], citing *Societe Anonyme Dauphitex*, 2007 WL 3253592, *5-6, 2007 US Dist LEXIS 81496, *14-16).

In this case, it is clear that the attorneys who worked at Volk continued to work exclusively as counsel for ATIC under BMMM. McEvoy affirmed that all of BMMM's partners had been attorneys at Volk, that BMMM would hire a majority of Volk's employees, and BMMM would maintain the same office location and phone number as Volk. He further stated that BMMM was formed for the express purpose of assuming and continuing Volk's business.

BMMM's argument that it cannot be a "mere continuation" because Volk survived the transaction "as a distinct, albeit meager, entity" (*Schumacher*, 59 NY2d at 245) is unavailing. John McEvoy affirmed that Volk's entire caseload consisted of its representation of ATIC, and that Volk was retiring as ATIC's attorney of record and from daily practice. Thus, when BMMM was substituted for Volk, Volk's business was effectively ended (*cf. Schumacher*, 59 NY2d at 245; *see also Woodson v American Tr. Ins. Co.*, 292 AD2d 160 [2002]).

Furthermore, proof that Volk remained registered as a corporation in New York State, which is the only documentation submitted by BMMM to show Volk's survival, does not raise a triable issue of fact as to whether in substance, BMMM absorbed all of Volk (*see Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 575 [2001] [the continued legal existence of prior business does not preclude successor liability "(s)o long as the acquired corporation is shorn of its assets and has become, in essence, a shell"]).

We have considered BMMM's remaining arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32352(U).]**