Eida v Board of Mgrs. of 135 Condominium (2018 NY Slip Op 08180)





Eida v Board of Mgrs. of 135 Condominium


2018 NY Slip Op 08180


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7741 156986/12

[*1]Isaac Eida, Plaintiff-Appellant,
v
Board of Managers of 135 Condominium, Defendant-Respondent.


Law Office of Robert L. Greener, New York (Robert L. Greener of counsel), for appellant.
Law Offices of Charles J. Siegel, New York (Bhavleen Sabharwal of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 16, 2017, which, to the extent appealed from as limited by the briefs, dismissed, after pretrial conference and memoranda, plaintiff's first and second causes of action for a declaratory judgment and related relief, and awarded defendant attorneys' fees, unanimously reversed, on the law, with costs, and the matter remanded for trial.
Plaintiff seeks a declaratory judgment to void defendant's alleged improper amendment of its bylaws due to failure to comply with meeting notice requirements. Defendant waived the defenses of statute of limitations and lack of standing by failing to raise them in either a pre-answer motion to dismiss or its answer (see e.g. Dougherty v City of Rye, 63 NY2d 989, 991-992 [1984]). Therefore, we reinstate the first and second causes of action, which the IAS court dismissed on those respective grounds. The merits of these causes of action are not properly before us because the court (Schlomo Hager, J.) previously rejected defendant's summary judgment motion as untimely and denied its subsequent motion for leave to file a late summary judgment motion.
The court erred in granting defendant attorneys' fees since such award was not authorized by agreement between the parties or by statute (see e.g. Chapel v Mitchell , 84 NY2d 345, 349 [1994]), and defendant did not contend that plaintiff engaged in frivolous conduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK