Matter of Lew v Sobel (2021 NY Slip Op 01412)





Matter of Lew v Sobel


2021 NY Slip Op 01412


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-06557
2019-06558
 (Index No. 603870/18)

[*1]In the Matter of Mark Lew, respondent,
v
Gail Sobel, appellant.


The Law Firm of Jeffrey L. Solomon, PLLC, Jericho, NY, for appellant.
Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for respondent.
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy certain money judgments, Gail Sobel appeals from (1) a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered April 26, 2019, and (2) an order of the same court entered April 26, 2019. The judgment, insofar as appealed from, upon an order of the same court dated March 4, 2019, inter alia, granting so much of the petition as sought to compel the sale of the homestead by a receiver and to apply a homestead exemption in the amount of $150,000 to the sale of the homestead, among other things, directed the sale of the homestead by a receiver. The order



DECISION & ORDER
entered April 26, 2019, inter alia, appointed a receiver to sell the homestead.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the sale of the homestead by a receiver, and substituting therefor a provision directing the sale of the homestead at public auction by the sheriff, and by deleting the provision thereof directing that a homestead exemption in the amount of $150,000 be applied to the sale of the homestead, and substituting therefor a provision directing that a homestead exemption in the amount of $165,550 be applied to the sale of the homestead; as so modified, the judgment is affirmed insofar as appealed from, and the order entered April 26, 2019, is vacated; and it is further,
ORDERED that the appeal from the order entered April 26, 2019, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to Gail Sobel.
The petitioner in the instant proceeding previously obtained several money judgments against Gail Sobel. In March 2018, the petitioner commenced this enforcement proceeding pursuant to CPLR 5206(e) to authorize and direct the sale of Sobel's principal residence (hereinafter the subject property) by the sheriff or a receiver in order to satisfy the money judgments. In an order dated March 4, 2019, the Supreme Court, inter alia, granted so much of the petition as sought to compel the sale of the subject property by a receiver and to apply a $150,000 homestead exemption to the sale of the subject property. In a judgment entered April 26, 2019, the court, among other things, directed the sale of the subject property by a receiver. In an order entered April 26, 2019, the [*2]court, inter alia, appointed a receiver to sell the subject property. Sobel appeals from the judgment and from the order entered April 26, 2019.
Contrary to Sobel's contention, the petitioner was not obligated to separately move for the appointment of a receiver to sell the subject property (see CPLR 5206[e]). The petitioner sought in the petition to compel the sale of the subject property either by the sheriff or a receiver. However, the Supreme Court improvidently exercised its discretion in appointing a receiver to sell the subject property. The petitioner failed to demonstrate that a "special reason" existed to justify the appointment of a receiver (Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [internal quotation marks omitted]; see Galen Tech. Soutions, Inc. v VectorMAX Corp., 107 AD3d 435, 435-436; GE Capital Commercial, Inc. v Kazi Foods of N.Y., Inc., 30 Misc 3d 1230[A], 2011 NY Slip Op 50298[U] [Sup Ct, New York County]). Contrary to the petitioner's contention, the evidence did not demonstrate that a private sale of the subject property would yield higher proceeds than a public auction by the sheriff, particularly when the receiver is statutorily entitled to recover certain expenses and commissions (see CPLR 5228[a]; cf. Matter of Chlopecki v Chlopecki, 296 AD2d 640, 641; Oppel v DiGangi, 84 AD2d 549, 549-550). Accordingly, the subject property should be sold at public auction by the sheriff.
In addition, as Sobel correctly argues, the Supreme Court erred in applying a homestead exemption in the amount of $150,000 to the sale of the subject property. The instant proceeding was commenced on March 23, 2018, and therefore Sobel was entitled to a homestead exemption in the amount of $165,550 (see CPLR 5253).
Sobel's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court