■ In the Matter of RAFAEL ASTACIO, Petitioner, v WILLIAM BRATTON, Police Commissioner of the City of New York and Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [44 NYS3d 761]—

Determination of respondent Commissioner, dated October 15, 2013, which imposed a 30-day suspension and one-year dismissal probation on petitioner, based upon a finding that petitioner engaged in conduct prejudicial to the good order, efficiency, or discipline of the New York City Police Department; determination of respondent Commissioner, dated November 12, 2013, which terminated petitioner's employment, based upon a finding that he engaged in criminal activity and conduct prejudicial to the good order, efficiency, or discipline of the NYPD; and determination of respondents Commissioner, New York City Police Pension Fund, Subchapter Two, and the Board of Trustees of the New York City Police Pension Fund, Subchapter Two, which denied petitioner a service retirement pension, unanimously confirmed, the petition denied, and this proceeding (transferred to this Court by order of Supreme Court, New York County [Margaret A. Chan, J.], entered on or about Dec. 29, 2014), dismissed, without costs.

Respondents have waived the defense of the statute of limitations by failing to interpose it in their answer or in a pre-answer motion to dismiss (*see* CPLR 3211 [a] [5]; [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Matter of Johnson v Civilian Complaint Review Bd.*, 30 AD3d 201, 202 [1st Dept 2006]). Were it not for this waiver, the challenge to the Commissioner's October 2013 determination would be untimely (*see* CPLR 217 [1]).

At the hearing underlying the October 2013 determination, petitioner admitted having failed to investigate the claim of a rape victim, after which he prematurely closed the investigation. In light of this admission, the finding that petitioner was guilty of failing to look for evidence is clearly supported by substantial evidence (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The penalty of a 30-day suspension for conduct that allowed a predator to remain at large does not shock the conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). This is especially so given that "[i]n matters of police discipline, we must accord great leeway to the Commissioner's determinations concerning appropriate punishment" (*Berenhaus*, 70 NY2d at 445).

Likewise, the subsequently imposed discipline of termination, as a penalty for petitioner's participation in a burglary, does not shock the conscience (*see e.g. Matter of Harp v New York City Police Dept.*, 96 NY2d 892, 894 [2001]; *Kelly v Safir* at 38).

Assuming arguendo that petitioner's challenge to the denial

of a retirement service pension is not precluded by his withdrawal of the entire balance of his pension contributions and criminal conviction (*see* Administrative Code of City of NY §§ 13-242 [2]; 13-256.1 [b]), the determination must stand, as it was not arbitrary and capricious (*see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). The denial was based upon the Pension Fund's calculation of creditable service time.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.