Matter of Kshatriya v Office of Chief Med. Examiner of N.Y. City (2025 NY Slip Op 02876)

Matter of Kshatriya v Office of Chief Med. Examiner of N.Y. City

2025 NY Slip Op 02876

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 151382/23|Appeal No. 4361|Case No. 2024-03790|

[*1]In the Matter of Bakulesh Kshatriya etc., Petitioner-Appellant,
v
Office of Chief Medical Examiner of New York City et al., Respondents-Respondents.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Judy H. Kim, J.), entered May 7, 2024, which denied the petition to annul a determination of respondents Office of Chief Medical Examiner (OCME) and Dr. Julian Samuel, dated September 20, 2022, declining to change the manner of death on the death certificate of Sonam Kshatriya, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
As an initial matter, respondents waived their defenses based on standing and timeliness by failing to assert them in the answer or a motion to dismiss (see CPLR 3211[a][3], [a][5], [e]; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656, 657 [1983]; Matter of Astacio v Bratton, 146 AD3d 613, 614 [1st Dept 2017]).
OCME's determination was not arbitrary and capricious (see Matter of Robins v New York City Off. of Chief Med. Examiner, 212 AD3d 541, 541 [1st Dept 2023], lv denied 39 NY3d 914 [2023]). In an affirmation submitted with this proceeding, the Deputy Chief Medical Examiner explained why she and the City Medical Examiner who prepared the final autopsy report determined the manner of death to be suicide and disagreed with the conclusions in petitioner's expert reports.
OCME considered "all available information including scene investigation, police investigation, decedent's history, physical examination, a review of the decedent's writings found at the scene, and autopsy findings." Because OCME "set forth a reasonable basis for [its] determination," it must be sustained (Matter of Infante v Dignan, 12 NY3d 336, 341 [2009]; see also Matter of Robins, 212 AD3d at 541-542).
Petitioner has not demonstrated entitlement to a hearing, which petitioner did not request before Supreme Court, or to discovery (see Price v New York City Bd. of Educ., 51 AD3d 277, 293 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025