OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner commenced this article 78 proceeding to review a determination of the zoning board of appeals (Board) that granted an application of the intervenorrespondent-appellant, S. F. Shopping Center, Inc., for a certificate of existing use for the operation of a gasoline service station. S. F. Shopping Center, Inc., interposed its answer on August 20,1981, without asserting the petitioner’s lack of standing to challenge the Board’s determination pursuant to CPLR 3211 (subd [a], par 3). Inasmuch as CPLR 3211 (subd [e]) provides that such a defense is waived if not raised either by motion or in the responsive pleading, S. F. Shopping Center, Inc., must be deemed to have waived its objection to petitioner’s standing. We note parenthetically that only the respondent board of appeals filed an amended answer pursuant to CPLR 3025 (subd [a]) and no standing objection was raised there either.
With respect to the Board’s determination that the nonconforming use had not been abandoned, we note that the Brookhaven ordinance provides that “[wjhenever a nonconforming use has been discontinued, abandoned or not used for a period of one (1) year or more, such use shall not thereafter be reestablished and any future use shall be in conformity with the provisions of this ordinance.” (Code of Town of Brookhaven, § 85-431, subd A, par [5] [emphasis added].) Thus, the property owner’s intent, the owner’s lease with the tenant and the presence of underground storage tanks is simply not enough to demonstrate that the *658 property was used as a gasoline service station throughout the period in question. Indeed, the respondents conceded at the hearing on this matter that the gasoline pumps had been removed and that the building on the premises was used as a tobacco shop for more than a year before it became vacant. In light of this, it is clear that the Board’s decision was not based on substantial evidence. (See 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176.)
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.