MELISSA J. DAWLEY, Individually and as Administratrix of the Estate of SCOTT A. DAWLEY, Deceased, Respondent, v ROBERT McCUMBER, Appellant, and ROGER M. DECKER, JR., et al., Respondents. (Action No. 1.) ROGER M. DECKER, JR., Respondent, v ROBERT McCUMBER et al., Defendants. (Action No. 2.) [845 NYS2d 888]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered August 4, 2006 in a wrongful death action. The order denied the motion of defendant Robert McCumber for leave to amend his answer in action No. 1 to assert an affirmative defense of medical emergency.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced action No. 1 seeking damages for the wrongful death of her husband (decedent), who was killed in a motor vehicle accident. The accident occurred when a vehicle operated by Robert McCumber (defendant), a defendant in action Nos. 1 and 2, crossed over into the opposite lane of traffic and collided with a truck that in turn collided with the vehicle operated by decedent. The two actions subsequently were joined for trial.

Contrary to the contention of defendant, who was 87 years of age at the time of the accident, Supreme Court did not abuse its discretion in denying his motion for leave to amend his answer

in action No. 1 to add an affirmative defense of medical emergency. The motion was made more than one year after defendant's answer was served, and the plaintiff in action No. 1 established that she "would suffer significant prejudice" if the court granted defendant's motion (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). "Prejudice has been defined as a special right lost in the interim, a change in position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment" (*Ward v City of Schenectady*, 204 AD2d 779, 781 [1994]). The record establishes that, before seeking leave to amend his answer in action No. 1, defendant refused to be examined by the other parties and asserted that he would not place his medical condition at issue. The record further establishes, however, that defendant was "suffering from dementia" and thus was unavailable for examination at the time of his motion. "Where the facts relating to the existence of an emergency are presumptively known only to the party seeking to invoke the doctrine, it must be pleaded as an affirmative defense lest the adverse party be taken by surprise" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 61 [2004]). We note in addition that defendant failed to establish a reasonable excuse for the year-long delay in making the motion (*see Jablonski v County of Erie*, 286 AD2d 927, 928 [2001]). Defendant indicated that he was relying on his own medical reports and police reports, but those reports were available at the time he served his answer. Thus, "all the facts which might form the basis of the affirmative defense[ ] . . . were or should have been known" to defendant by the time he served his answer (*James-Smith v Rottenberg*, 32 AD2d 792 [1969]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.