■ CATHERINE SCHRAUTH FORCUCCI, Appellant, v BOARD OF EDUCATION OF HAMBURG CENTRAL SCHOOL DISTRICT, Respondent. (Appeal No. 1.) [56 NYS3d 718]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 3, 2015. The order and judgment denied plaintiff's motion for summary judgment on the second and fourth causes of action.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a former member of defendant, Board of Education of Hamburg Central School District (Board), commenced this action after the Board sought plaintiff's removal from the Board pursuant to Education Law § 1709 (18). In appeal No. 1, plaintiff appeals from an order and judgment that denied her motion for summary judgment on the second and fourth causes of action, which asserted that the Board violated plaintiff's First Amendment right of access when it closed to the general public the first three days of her removal hearing. In appeal No. 2, the Board appeals from an order and judgment that, inter alia, denied its cross motion for leave to amend its answer to assert as a defense that plaintiff lacks standing.

In appeal No. 1, we conclude that Supreme Court erred in denying plaintiff's motion on the ground that she lacked standing. By failing to include that defense in its verified answer or in a pre-answer motion to dismiss, the Board waived it (see Matter of Fossella v Dinkins, 66 NY2d 162, 167-168 [1985]; Matter of Santoro v Schreiber, 263 AD2d 953, 953 [1999], appeal dismissed 94 NY2d 817 [1999]). Nevertheless, we affirm the order and judgment in appeal No. 1 on the alternative ground that plaintiff failed to establish her entitlement to summary judgment on her First Amendment causes of action.

The First Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the government from "abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances" (US Const First Amend). "[A] trial courtroom . . . is a public place where the people generally—and representatives of the media—have a right to be present, and where their presence historically has been thought to enhance the integrity and the quality of what takes place"

(*Richmond Newspapers, Inc. v Virginia*, 448 US 555, 578 [1980]). The United States Supreme Court has applied a two-part test to determine whether there was a right of access under the First Amendment (*see Press-Enterprise Co. v Superior Court of Cal., County of Riverside*, 478 US 1, 8-10 [1986]), and the Court of Appeals has used that test to determine whether there is a right of access to a professional disciplinary hearing (*see Matter of Johnson Newspaper Corp. v Melino*, 77 NY2d 1, 5 [1990]). The test requires a court to consider "whether the place and process have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question" (*id.* at 5 [internal quotation marks omitted]; *see Press-Enterprise Co.*, 478 US at 8). Once it has been determined that there is such a right of access, then the proceeding "cannot be closed unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest" (*Press-Enterprise Co.*, 478 US at 13-14 [internal quotation marks omitted]).

Here, plaintiff failed to submit evidence establishing as a matter of law that removal hearings conducted pursuant to Education Law § 1709 (18) have historically been open to the public and that the public has played a significant positive role in such proceedings (*see Johnson Newspaper Corp.*, 77 NY2d at 7-8). We therefore conclude that the court properly denied plaintiff's motion on the ground that plaintiff failed to meet her burden of establishing as a matter of law that there is a First Amendment right of access to an Education Law § 1709 (18) removal proceeding.

We reject the Board's contention in appeal No. 2 that the court abused its discretion in denying its cross motion seeking leave to amend its answer. "[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Baker v County of Oswego*, 77 AD3d 1348, 1350 [2010] [internal quotation marks omitted]; *see* CPLR 3025 [b]). "Prejudice has been defined as a special right lost in the interim, a change in position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment" (*Ward v City of Schenectady*, 204 AD2d 779, 781 [1994]; *see Dawley v McCumber*, 45 AD3d 1399, 1400 [2007]). Here, plaintiff established that she would suffer prejudice as a result of the amendment, and it therefore cannot be said that the court abused its discretion in denying the cross motion. Present—Whalen, P.J., Smith, Centra and Scudder, JJ.