US Bank N.A. v Nelson (2019 NY Slip Op 00494)





US Bank N.A. v Nelson


2019 NY Slip Op 00494


Decided on January 23, 2019


Appellate Division, Second Department


Mastro, J.P.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-01722
 (Index No. 23423/09)

[*1]US Bank National Association, etc., respondent,
v
Kenyatta Nelson, et al., appellants, et al., defendants.



APPEAL by the defendants Kenyatta Nelson and Safiya Nelson, in an action to foreclose a mortgage, from an order of the Supreme Court (Noach Dear, J.), dated December 15, 2015, and entered in Kings County. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied their cross motion pursuant to CPLR 3211(a) and RPAPL 1303 to dismiss the complaint insofar as asserted against them.



Rozario & Associates, P.C., Brooklyn, NY (Rovin R. Rozario and Daniel Park of counsel), for appellants.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Suzanne Novak of counsel), for respondent.



MASTRO, J.P.


OPINION & ORDER
It is by now a firmly established principle that the issue of whether a plaintiff lacks standing to commence an action is waived unless it is raised in the answer or in a pre-answer motion to dismiss (see CPLR 3211[a][3]; [e]; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656, 657; US Bank N.A. v Konstantinovic, 147 AD3d 1002, 1004; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817). The instant appeal presents the question of whether, in a mortgage foreclosure action in which the complaint alleges that the plaintiff is the owner and holder of the note and mortgage, the mere denial of that allegation in the answer, without more, is sufficient to assert that the plaintiff lacks standing, thereby preserving that issue for adjudication. Upon our review of relevant statutory and decisional law, and in clarification of our own concededly inconsistent decisions in this area, we conclude that this question must be answered in the negative.
The Facts
Insofar as relevant here, it is undisputed that in June 2007, the defendants Kenyatta Nelson and Safiya Nelson (hereinafter together the Nelson defendants) obtained a loan in the principal sum of $660,000 from the plaintiff's alleged predecessor-in-interest and executed a promissory note for that sum, secured by a mortgage on their three-family dwelling in Brooklyn. The Nelson defendants subsequently defaulted on their monthly loan payments in May 2009 and thereafter. The plaintiff, to which the mortgage had been assigned, commenced this foreclosure action against the Nelson defendants and several other entities and individuals by the filing of a summons and complaint on September 15, 2009. In its complaint, the plaintiff alleged that it was [*2]"the owner and holder of [the] note and mortgage being foreclosed,"[FN1] and that the mortgage had been assigned to it on August 10, 2009. In their separate, identical answers, the Nelson defendants each admitted certain allegations of the complaint, but denied knowledge or information sufficient to form a belief as to the truth of most of the allegations, including those set forth above. Additionally, the Nelson defendants each pleaded affirmative defenses, including lack of proper service of process and improper inflation of the property's value during the loan process. The defense of lack of standing was not pleaded in the answers. Ultimately, the plaintiff moved for a judgment of foreclosure and sale. The Nelson defendants cross-moved to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing to commence the action and failed to comply with the notice requirements of RPAPL 1303. In an order dated December 15, 2015, the Supreme Court granted the plaintiff's motion and denied the Nelson defendants' cross motion. This appeal by the Nelson defendants ensued. For the reasons that follow, we affirm.
Standing
The Nelson defendants contend that the denials in their answers of knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegation in the complaint that it was the owner and holder of the note and mortgage were sufficient, standing alone, to place in issue the plaintiff's standing to commence the foreclosure action. We disagree.
CPLR 3018, which governs responsive pleadings, draws a distinction between denials and affirmative defenses. Denials generally relate to allegations setting forth the essential elements that must be proven in order to sustain the particular cause of action. Thus, a mere denial of one or more elements of the cause of action will suffice to place them in issue, and "there is no reason to [additionally] assert as an affirmative defense the opposite of what the pleading party is [already] required to prove" (5-3018 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3018.00). Conversely, where the answering party wishes to interpose new matter in defense to the cause of action that goes beyond the essential elements of the cause of action, the statute indicates that the party must plead, as an affirmative defense, "all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018[b]). Accordingly, where a defendant seeks to inject into the litigation "matters [that] are not the plaintiff's burden to prove as part of the cause of action," those matters must be affirmatively pleaded as defenses (Siegel, NY Prac § 223 [6th ed Dec. 2018 Update]; see CPLR 3014; 5-3018 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3018.02).
A facially adequate cause of action to foreclose a mortgage requires allegations regarding the existence of the mortgage, the unpaid note, and the defendant's default thereunder, which, if subsequently proven, will establish a prima facie case for relief (see IndyMac Venture, LLC v Amus, 164 AD3d 883, 884; JPMorgan Chase Bank N.A. v Wenegieme, 162 AD3d 876, 877; A/SL DFV, LLC v C.A.R.S. Constr., LLC, 161 AD3d 921, 922). In order to place in issue any of these essential elements of the cause of action, a defendant need only deny them in the answer. However, as a general matter, a plaintiff need not establish its standing (i.e., that it held and/or owned the note at the time the action was commenced) as an essential element of the cause of action (see JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 567). Rather, it is only where the plaintiff's standing is placed in issue by the defendant that the plaintiff must shoulder the additional burden of establishing its standing to commence the action, a burden satisfied by evidence that it was the holder or assignee of the underlying note at the time the action was commenced (see Nationstar Mtge., LLC v Balducci, 165 AD3d 959; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 757; Bank of N.Y. Mellon v Theobalds, 161 AD3d 1137, 1138; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041).
Based on the foregoing, it logically follows that where, as here, standing is not an essential element of the cause of action, under CPLR 3018(b) a defendant must affirmatively plead [*3]lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading. Indeed, the Court of Appeals reached this very conclusion in Matter of Fossella v Dinkins (66 NY2d 162). That case involved a proceeding to have the Board of Elections of the City of New York remove a proposed referendum from the ballot, and the intervenors in the action argued that the petitioners lacked standing to seek that relief. In rejecting the contention, the Court relied upon, inter alia, CPLR 3018(b) and CPLR 3211(e) to hold that the challenge to the petitioners' standing had been waived "because it was not raised as an affirmative defense, or by way of a motion to dismiss, at Special Term" (Matter of Fossella v Dinkins, 66 NY2d at 167). The decision also cited to two earlier cases in which the Court had resolved standing objections in the same manner. In Dougherty v City of Rye (63 NY2d 989, 991-992), which involved an action challenging a zoning ordinance amendment, the Court rejected an argument by the defendant City of Rye that the plaintiffs lacked standing, reasoning that the argument "[was] not asserted in the City's answer or in a pre-answer motion to dismiss and [has] thus been waived." Likewise, in Matter of Prudco Realty Corp. v Palermo (60 NY2d at 657), a proceeding to annul the determination of a zoning board of appeals in which the intervenor interposed an answer that did not assert that the petitioner lacked standing, the Court held that "[i]nasmuch as CPLR 3211 (subd [e]) provides that such a defense is waived if not raised either by motion or in the responsive pleading, [the intervenor] must be deemed to have waived its objection to [the] petitioner's standing."
The clear principle readily discerned from CPLR 3018(b) and the foregoing decisions is that a defendant waives the issue of standing unless she or he affirmatively raises an objection premised upon it, either by making a pre-answer motion to dismiss on that basis or by specifically asserting that defense in the answer. None of these decisions supports the proposition that standing will be placed in issue by the mere denial in the answer of factual allegations set forth in the complaint, nor has the Court of Appeals suggested that these holdings are in any manner limited to a particular type or class of actions or proceedings. Our own Court implicitly acknowledged as much by relying upon the foregoing decisions in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239), a mortgage foreclosure action similar to the one currently before us. There, the complaint of the foreclosing plaintiff expressly alleged that the plaintiff was the "sole, true and lawful owner" of the note, and a copy of the note was appended to the pleading. As in the case at bar, the defendant served an answer specifically denying the material allegations of the complaint, including the foregoing allegation, and also asserted five affirmative defenses, but lack of standing was not among them. In opposition to the plaintiff's subsequent motion for summary judgment, the defendant argued for the first time that the plaintiff lacked standing to bring the action. Significantly, we did not find that the specific denial in the answer sufficed to raise the standing issue. Rather, citing the Court of Appeals cases previously discussed, we rejected the defendant's contention as waived, observing that "the Court of Appeals and the intermediate appellate courts, including our own, have squarely held that an argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211(e)" (id. at 242; see Matter of Klein v Garfinkle, 12 AD3d 604, 605 ["as the issue of standing was not raised as an affirmative defense in an answer or in the pre-answer motions to dismiss the petition, the issue was waived"]; accord Weiss v Phillips, 157 AD3d 1, 9 [1st Dept 2017] [defendant waived defense of lack of standing by failing to raise it in answer or pre-answer motion]; Forcucci v Board of Educ. of Hamburg Cent. Sch. Dist., 151 AD3d 1660, 1660 [4th Dept 2017] [standing waived where defendant failed to include that defense in its answer or pre-answer motion]; Chase Home Fin., LLC v Howland, 149 AD3d 1405, 1405-1406 [3d Dept 2017] [failure to raise lack of standing as an affirmative defense in the answer or in a pre-answer motion to dismiss waived the issue]).
Our holding in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239) was not limited to its facts, and we have continued to apply the foregoing rule in mortgage foreclosure cases, determining that where the defendant fails to affirmatively state the defense of lack of standing in the answer or in a pre-answer motion to dismiss, the issue is waived (see e.g. Bank of N.Y. Trust Co., N.A. v Chiejina, 142 AD3d 570, 572 [citing Matter of Fossella v Dinkins (66 NY2d 162) and holding that, despite the answer's specific denial of the allegation in the complaint that plaintiff was the holder of the note, "[s]ince the homeowner did not raise the affirmative defense of standing in his answer (see CPLR 3018[b]), or in a pre-answer motion to dismiss the complaint (see CPLR 3211[a]), he waived that issue"]; One W. Bank, FSB v Vanderhorst, 131 AD3d 1028, 1028 [issue of standing waived, notwithstanding the answer's specific denial of an allegation in the complaint [*4]that plaintiff was the owner and holder of the debtor instrument, where the defendant failed to raise that issue in a pre-answer motion or as an affirmative defense in the answer]; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 779-780 [where the defendant made no pre-answer motion and interposed an answer denying the allegations of the complaint, including an allegation that plaintiff was the owner and holder of the note and mortgage, but "did not allege that the plaintiff lacked standing to commence this action or otherwise assert an affirmative defense or counterclaim," the issue of standing was waived]; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 567 [defendants denied the allegation in the complaint that plaintiff was the sole, true and lawful owner of the note, but nevertheless waived standing "by failing to assert the defense in an answer or pre-answer motion to dismiss the complaint"]; see also Nationstar Mtge., LLC v Alling, 141 AD3d 916, 917 ["any standing challenge was waived by defendant's failure to raise this as an affirmative defense in the only answer with which this Court has been provided or in a pre-answer motion to dismiss"]).
The foregoing decisions establish that the issue of standing is waived absent some affirmative statement on the part of a mortgage foreclosure defendant, which need not invoke magic words or strictly adhere to any ritualistic formulation, but which must clearly, unequivocally, and expressly place the defense of lack of standing in issue by specifically identifying it in the answer or in a pre-answer motion to dismiss. A mere denial of factual allegations will not suffice for this purpose. Since these holdings are consistent with the requirements for responsive pleadings set forth in CPLR 3018 and with Court of Appeals precedent, and since they serve the salutary purpose of ensuring that challenges to standing are raised with clarity and resolved at the outset of the litigation (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769), we now reaffirm them. The contrary approach advocated by the Nelson defendants undermines the pleading requirements of the CPLR. Taken to its logical conclusion, the Nelson defendants' position would mean that their denials preserve all conceivable affirmative defenses that can be parsed from reading the factual allegations of the complaint in conjunction with their corresponding and conclusory denials, so that these defenses may be raised at some subsequent point in the case. Such a result would render the obligation under CPLR 3018(b) to specifically plead affirmative defenses in the answer meaningless, delay the legislatively favored prompt adjudication of the defenses at an early point in the litigation, and cause prejudice and surprise to plaintiffs. Moreover, the practical realities of mortgage foreclosure litigation are that foreclosure complaints invariably allege that the plaintiff is the holder and/or assignee of the note, and answering defendants reflexively deny (or deny knowledge as to the truth of) most or all of the allegations in their responsive pleadings. Were such denials by themselves sufficient to place standing in issue, then standing would effectively become a prima facie element of the plaintiffs' claims in all contested foreclosure actions, an unwarranted consequence. Rather, if a defendant in a foreclosure action genuinely believes that she or he has a basis upon which to contest standing, it is not too much to ask her or him to specifically and affirmatively assert that position in the answer as the CPLR requires.
To the extent that some decisions of our Court have strayed from the foregoing principles by indicating that a mere denial in the answer of factual allegations set forth in the complaint will suffice to place standing in issue, thereby injecting uncertainty into this formerly settled area (see e.g. Bank of Am., N.A. v Barton, 149 AD3d 676, 678; Nationstar Mtge., LLC v Wong, 132 AD3d 825, 826; Bank of Am., N.A. v Paulsen, 125 AD3d 909, 910; US Bank N. A. v Faruque, 120 AD3d 575, 576), they should no longer be followed.[FN2]
Since the Nelson defendants made no pre-answer motion to dismiss, and merely denied the majority of the factual allegations in their answers without specifically raising a challenge to the plaintiff's standing, the issue of standing was waived.
Notice Pursuant to RPAPL 1303
RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; Prompt Mtge. Providers of N. Am. LLC v Singh, 132 AD3d 833, 833). "The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676; see RPAPL 1303[2]). "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 98; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-166).
Although the defense of lack of service of the requisite RPAPL 1303 notice may be raised at any time (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676; First Natl. Bank of Chicago v Silver, 73 AD3d at 163), we agree with the Supreme Court's denial of that branch of the Nelson defendants' cross motion which was to dismiss the complaint for lack of such service (see e.g. Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 102-103). In opposition to the Nelson defendants' cross motion, the plaintiff submitted affidavits of service demonstrating that the Nelson defendants each were properly served with the requisite RPAPL 1303 notice. The plaintiff's showing was sufficient to establish that the RPAPL 1303 notices served on the Nelson defendants complied with the statute (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676). The conclusory and unsubstantiated denials of service by the Nelson defendants in their affidavits lacked the factual specificity and detail required to rebut the presumption of proper service created by the process server's affidavits of service (see U.S. Bank N.A. v Tate, 102 AD3d 859, 859; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 103) and warranted the denial of that branch of their cross motion on this basis. Conclusion
In view of the foregoing, the parties' remaining contentions need not be reached.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for a judgment of foreclosure and sale and denying the Nelson defendants' cross motion to dismiss the complaint insofar as asserted against them.
Therefore, the order is affirmed.
BALKIN and SGROI, JJ., concur.
ORDERED that the order is affirmed, with costs.
DUFFY, J., dissents in part and concurs in part, and votes to modify the order, on the law, by deleting the provision thereof granting the plaintiff's motion for a judgment of foreclosure and sale, and substituting therefor a provision denying that motion, and, as so modified, affirming the order, with the following memorandum:
For the reasons set forth below, I would modify the order by deleting the provision thereof granting the plaintiff's motion for a judgment of foreclosure and sale, and substituting therefor a provision denying that motion; as so modified, I would affirm.
In light of certain Second Department precedent—Bank of Am., N.A. v Barton (149 AD3d 676, 678), Nationstar Mtge., LLC v Wong (132 AD3d 825, 826), Bank of Am., N.A. v Paulsen (125 AD3d 909, 910), US Bank Natl. Assn. v Faruque (120 AD3d 575, 576)—and for the reasons detailed below, I disagree with my colleagues in the majority to the extent that they conclude that [*5]the order should be affirmed on the ground that the defendants Kenyatta Nelson and Safiya Nelson (hereinafter together the Nelson defendants) waived the issue of standing.
Justiciability and Standing
"Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769). Standing is a threshold determination requiring an inquiry into whether the litigant has an interest in the claim at issue in the action that the law will recognize as a sufficient predicate for determining the issue (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242).[FN1]
Until approximately nine years ago, the issue of whether the defense of lack of standing could be waived was unsettled in New York State (see id. at 243)[FN2]. Indeed, the Court of Appeals' decision in 1991 on the issue of standing, Society of Plastics Indus. v County of Suffolk (77 NY2d at 784-785), did not address the issue [FN3]. As noted herein, although the majority points to certain Court of Appeals cases (see e.g. Matter of Fossella v Dinkins, 66 NY2d 162, 167-168; Dougherty v City of Rye, 63 NY2d 989, 991-992; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656, 657), and cases in this Court (see e.g. Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 244), for the proposition that the law is settled as to how or under what circumstances the defense of lack of standing is waived, to wit, that unless denominated an "affirmative defense" or raised in a pre-answer motion to dismiss, the defense of lack of standing is waived, I respectfully disagree. Likewise, to the extent that the majority determines that this Court's decisions in Bank of Am., N.A. v Barton (149 AD3d at 678), Nationstar Mtge., LLC v Wong (132 AD3d at 826), Bank of Am., N.A. v Paulsen (125 AD3d at 910), and US Bank Natl. Assn. v Faruque (120 AD3d at 576), represent judicial drift on the question of how or under what circumstances the defense of lack of standing is waived and, thus, should no longer be followed, I also disagree. I contend, for the reasons discussed infra, that (1) in the narrow set of cases with facts such as those here, the law with [*6]respect to how or under what circumstances the defense of lack of standing is waived has, until now, been that an examination of the specific pleadings in each case must be made to determine whether the defense of lack of standing has been waived (see generally Butler v Catinella, 58 AD3d 145, 147-148); (2) this Court should adhere to its determinations in Barton (149 AD3d at 678), Wong (132 AD3d at 826), Paulsen (125 AD3d at 910), and Faruque (120 AD3d at 576), all of which support that analytical approach; and (3) such an analysis is consistent with the principles of the CPLR that pleadings should be broadly construed (see CPLR 3018[b]), and the majority's determination herein is not.
Narrowing the Dispute
As an initial matter, there is no dispute that the defense of lack of standing is waived when it is not asserted in a responsive pleading or pre-answer motion to dismiss (see CPLR 3018[b]; Nationstar Mtge., LLC v Wong, 132 AD3d at 826; Bank of Am., N.A. v Paulsen, 125 AD3d at 910). Likewise, if a plaintiff does not assert allegations pertaining to standing, the only way for the issue to be raised in a proceeding is through an affirmative defense in the defendant's answer or a pre-answer motion to dismiss (see CPLR 3018[b] ["A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading"]). The crux of the dispute here is whether, when a plaintiff has asserted facts pertaining to its standing in its complaint, a specific denial by a defendant or a denial of knowledge or information sufficient to form a belief as to that specific allegation (hereinafter DKI) preserves the issue such that, in order to succeed on a motion for summary judgment or for a judgment of foreclosure and sale, the plaintiff must prove its allegation(s) as to its standing.
As set forth below, I submit that the answer is "yes" and that there is no reason to disavow prior precedent of this Court which has determined that, where a defendant has specifically denied in its answer the plaintiff's allegations related to standing or has specifically denied knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations related to standing, the defendant has not waived the defense of lack of standing (see Bank of Am., N.A. v Barton, 149 AD3d at 678; Nationstar Mtge., LLC v Wong, 132 AD3d at 826; Bank of Am., N.A. v Paulsen, 125 AD3d at 910; US Bank Natl. Assn. v Faruque, 120 AD3d at 576).
Court Precedent and the Purpose of Pleadings
The purpose of pleadings is to present and define the issues to be tried and determined and to plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues not appearing on the face of a prior pleading (see CPLR 3018[b]). "The pleadings are the formal statements by the parties of the material facts which constitute their respective claims and defenses" (84 NY Jur 2d, Pleading § 1). "Issues are defined and presented for determination when facts properly set forth in a pleading are properly denied or otherwise controverted by the opposing party" (84 NY Jur 2d, Pleading § 1). Notably, "[p]arties must generally be granted wide latitude in framing their pleadings so as to raise and have determined every question affecting their interest in the subject matter of the litigation" (84 NY Jur 2d, Pleading § 1). "As long as the pleading may be said to [give notice to the other side], in whatever terminology it chooses, this [pleading requirement dictated by CPLR 3013] is satisfied" (Patrick M. Connors, 2013 Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3013:2). "The test is entirely sui generis" (id.). Indeed, one of the very reasons the CPLR was adopted was "to make pleadings less rigid" (Siegel, NY Prac § 208, [6th ed Dec. 2018 Update]).
Thus, I disagree with my colleagues in the majority to the extent that they contend that the only way that a plaintiff's lack of standing may be put in issue is to affirmatively plead it as a defense (or include it as a specific ground for dismissal pursuant to CPLR 3211[a][3]). This Court has held that " [a] defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed'" (Butler v Catinella, 58 AD3d at 148, quoting Federici v Metropolis Night Club, Inc., 48 AD3d 741, 743). To the extent that the majority's determination creates a bright line test to give direction to litigants, I submit that, while laudable in purpose, a rigid adherence to particular language in an answer is not consistent with the purposes of the CPLR. Moreover, as set forth below, this Court has already created a bright line test to ascertain if the issue of standing has been raised that is consistent with CPLR 3211(a)(3), 3013, 3018, and 3026, and the broad requirement that pleadings must be liberally construed.
This Court has not hesitated to find that the defense of lack of standing is waived where a defendant has only asserted general or conclusory denials or DKIs to the allegations in a [*7]plaintiff's complaint, since a general or conclusory denial could not reasonably be read to put a plaintiff on notice that its standing is in issue (see South Point, Inc. v Rana, 139 AD3d 935, 935-936; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780)[FN4]. Thus, there is no reason to adopt a rule of law that mandates that the defense of lack of standing is waived unless magic words such as "defense" or "affirmative defense" appear together with "lack of standing" in a responsive pleading (when a pre-answer motion to dismiss which asserts lack of standing as a basis for dismissal has not been made).
For example, where, as here, as well as in Paulsen, Faruqe, and Wong, a plaintiff alleges in its complaint that it is the "owner and holder of [the] note and mortgage being foreclosed" and that "the mortgage was subsequently assigned to [the plaintiff] by assignment" or that the "[p]laintiff is in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note" (see Bank of Am., N.A. v Barton, 149 AD3d at 676), a denial or DKI should suffice to put the plaintiff on notice as to the issue of standing. To hold otherwise renders meaningless the purpose of a denial. Factual Allegations Inextricably Intertwined with Legal Precepts
To the extent the majority contends that the allegations in the plaintiff's complaint that it is the "owner and holder of [the] note and mortgage being foreclosed" are "purely factual in nature" (majority op at 2 n 1), such that they cannot reasonably be construed as raising the issue of standing or that the plaintiff would be surprised that its standing is in controversy, I respectfully disagree. Although the words "the plaintiff has standing" are not overtly set forth in the complaint, the factual assertions that the plaintiff is "owner and holder of [the] note" are inextricably intertwined with legal conclusions pertaining to the issue of the plaintiff's standing [FN5]. Significantly, the word "holder" is a legal term defined in the Uniform Commercial Code as the person "in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; U.S. Bank N.A. v Clement, 163 AD3d 742, 743 [internal quotation marks omitted]). "[A] promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674). Furthermore, a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, it was either the holder or assignee of the underlying note (see U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). Thus, allegations in a complaint such as those here, that the plaintiff is the "owner and holder of [the] note and mortgage being foreclosed," are tantamount to an allegation that the plaintiff has standing. Where such allegations appear in a complaint in mortgage foreclosure action, the defendant's specific denial or DKI of the allegations should be sufficient to avoid the penalty of waiver or forfeiture of the defense since the plaintiff has already raised the issue and thus cannot be surprised by it (see CPLR 3018[b]).[FN6]
Moreover, even if, as the majority contends, the allegations referred to above could somehow be construed as purely factual in nature and not implicating the legal conclusion of standing, the test as to whether a party must plead a matter as an affirmative defense is whether the matter "would be likely to take the adverse party by surprise" or "would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018[b]). Thus, a plaintiff such as the one here which has asserted that it is the "owner and holder of [the] note and mortgage being foreclosed," to which the defendants have asserted a denial or DKI, cannot contend that it did not assert such facts or that it is surprised that those facts are in controversy. Thus, a plaintiff cannot succeed on a motion for summary judgment by simply showing that it holds the note at the time the motion is made; rather, the plaintiff must demonstrate that it held the note at the time the action was commenced. Any contrary conclusion would eviscerate a defendant's ability to challenge such factual assertions with a denial or DKI and obtain discovery on the issue and eliminates a plaintiff's prima facie obligation on such a motion to show evidence of its factual assertions.
In this case, as the record amply demonstrates and as will be discussed below, the plaintiff failed to establish, prima facie, its status as the holder of the note at the time the action was commenced and, thus, the Supreme Court should have denied its motion for a judgment of foreclosure and sale.
Precedent Does Not Support a Narrow Construction of a
Responsive Pleading
To the extent that the majority cites Matter of Fossella v Dinkins (66 NY2d at 167-168), Matter of Prudco Realty Corp. v Palermo (60 NY2d at 657), and Dougherty v City of Rye (63 NY2d at 991-992) for the proposition that the Court of Appeals has determined that the issue of lack of standing is waived unless expressly denominated as an affirmative defense in an answer or in a pre-answer motion to dismiss, I respectfully disagree that the Court of Appeals has reached such a sweeping conclusion applicable to all circumstances, including those in which the plaintiff raised the issue in its complaint. In two of the cases, Matter of Prudco Realty Corp. v Palermo (60 NY2d at 657) and Dougherty v City of Rye (63 NY2d at 991-992), the Court simply reiterated the proposition that is not in dispute, i.e., that the issue of standing must be raised in an answer or pre-answer motion to dismiss. In each case, although the Court determined that the issue was waived because it was not raised in the respective defendants' answers or in any pre-answer motion to dismiss, the Court did not conclude that a specific denial or DKI in an answer to allegations of standing in a plaintiff's complaint constituted a waiver of the defense.
To the extent that Matter of Fossella v Dinkins (66 NY2d 162), a proceeding commenced by certain registered voters in Richmond County seeking to have the Board of Elections remove a proposed referendum from a ballot, states that "the intervenors' challenge to standing was waived because it was not raised as an affirmative defense, or by way of motion to dismiss" (id. at 167, citing Dougherty v City of Rye, 63 NY2d at 991-992, and Matter of Prudco Realty Corp. v Palermo, 60 NY2d at 657), I respectfully submit that language, which was not central to the issue before the Court, is limited to the facts of that case. That proceeding, which was commenced in July 1985 and decided by the Court of Appeals in October 1985, sought to strike a proposed New York City Charter amendment from appearing on the ballot in November of that year. Although the main issue the Court decided was the justiciability of the controversy (see Matter of Fossella v Dinkins, 66 NY2d at 167), the Court also noted that the intervenors, the Campaign for a Nuclear Navyport Referendum, had waived the issue of the petitioners' standing (see id. at 167-168). There is no way to determine from the facts set forth in Matter of Fossella v Dinkins (66 NY2d 162) or in the underlying appellate decisions (see Matter of Fossella v Dinkins, 114 AD2d 340; Matter of Fossella v Dinkins, 110 AD2d 227, affd 66 NY2d 162) and Special Term decision (see Matter of Fossella v Dinkins, 128 Misc 2d 822 [Sup Ct, Richmond County], affd 114 AD2d 340) whether the petitioners there asserted allegations pertaining to their standing in their petition or whether it was raised solely by the intervenors in their arguments to the Court of Appeals.
I agree with the majority that if a plaintiff fails to assert allegations pertaining to its standing, a defendant must raise the issue in order for the plaintiff to have notice that standing is in issue (see CPLR 3018[b]). I respectfully submit, however, that Fossella, which does not specify whether any allegations related to standing were made in the petitioners' papers, does not necessarily [*8]stand for the sweeping proposition cited by the majority. Nor, for that matter, has this Court previously found that Fossella is binding precedent on this issue. Notably, although Fossella was decided in 1985, this Court decided Barton (149 AD3d 676), Wong (132 AD3d 825), Paulsen (125 AD3d 909), and Faruque (120 AD3d 575) between 2014 and 2017. Each of those cases held that the respective defendants preserved the issue of standing that had been raised by the respective plaintiffs by asserting specific denials in their answers.
Likewise, this Court's determination in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239), a mortgage foreclosure action, does not dictate the conclusion reached by the majority. First, in that case, this Court reiterated a proposition that is not in dispute, i.e., that the defense of lack of standing must be raised in an "answer or pre-answer motion to dismiss" (id. at 242). Second, the question decided in Mastropaolo was whether the issue of lack of standing can be waived (see id. at 242-243), which is not in dispute here. Although this Court found that the defendant had waived the defense of lack of standing in Mastropaolo (even though the defendant had denied the plaintiff's allegation that it was the sole, true and lawful owner of the note), the focus of Mastropaolo was whether the defense of standing can be waived, not how or under what circumstances it is waived. In fact, Mastropaolo recognizes that where a defendant challenges the plaintiff's standing, a plaintiff is obligated to prove its standing (see id. at 242, citing TPZ Corp. v Dabbs, 25 AD3d 787, 789).
As noted herein and in other cases already decided by this Court, when a plaintiff asserts facts in its complaint that can be construed as raising or addressing a matter that ordinarily would be asserted by a defendant as an affirmative defense, such as the defense of lack of standing, and a defendant specifically denies (or DKIs) such allegations, the issue is then squarely in controversy and should not be deemed to have been waived.
Indeed, this Court also has already determined that an affirmative defense is not necessarily waived if the plaintiff itself has raised the issue; not only in Barton (149 AD3d at 678), Wong (132 AD3d at 826), Paulsen (125 AD3d at 910), and Faruque (120 AD3d at 576), but in actions unrelated to mortgage foreclosures. For example, in Green Bus Lines v Consolidated Mut. Ins. Co. (74 AD2d 136, 142-143), where the plaintiff incorporated into its complaint allegations concerning coverage exclusions that normally would be raised by a defendant as an affirmative defense, this Court determined that the defendant was not then required to expressly plead it as an affirmative defense in its answer. Likewise, in Red Hook Marble, Inc. v Herskowitz & Rosenberg (15 AD3d 560, 561, lv granted 5 NY3d 781), which was an action for a judgment declaring the rights and obligations of the parties pertaining to a plaintiff's option to purchase certain real estate from the defendant, this Court held that a "failure to plead the statute of frauds did not preclude the [defendant from obtaining] summary judgment on that ground" (id. at 561). This Court noted that the plaintiff in that case "should not have been surprised by a statute of frauds defense, where the complaint specifically alleged that [t]he option to purchase, which was drafted by or on behalf of the [d]efendant omits substantial and integral terms'" (id., citing CPLR 3018[b]). Notably, in both of these cases, the issue turned not on specific buzz words in the respective defendants' answers, but rather on a determination of whether each respective plaintiff would be surprised by the defense at issue or whether the plaintiffs' assertion of factual allegations in the complaints demonstrated that the plaintiffs were aware that the defense was in issue and obviated the need for the defendant to assert it as an affirmative defense. Likewise, here, the factual allegations made by the plaintiff in the complaint relate to the issue of its standing and, thus, the plaintiff should not be able to contend surprise [FN7]. Given the allegations in the complaint and the factual assertions in a later affirmation by the plaintiff's counsel, the magic words "lack of standing" or "affirmative defense" are unnecessary to put the issue in controversy.
Accordingly, I submit that the majority's determination expands the concept of waiver [*9]of affirmative defenses in a way that is inconsistent with this Court's own precedent (see Sullivan v American Airlines, Inc., 80 AD3d 600, 602 ["Although the defendants failed to plead as an affirmative defense that the plaintiffs relinquished their claims (see CPLR 3018[b]), an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party"]; see also Red Hook Marble, Inc. v Herskowitz & Rosenberg, 15 AD3d at 561, lv granted 5 NY3d 781; Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d at 142-143).
Although there does not yet appear to be a Court of Appeals case specifically addressing this issue, that Court has tacitly acknowledged the appropriateness of an analysis that turns not on whether the words "affirmative defense" are used in a defendant's answer, but rather on whether that affirmative defense would constitute a surprise to the plaintiff in light of, among other things, the factual allegations of the complaint. In Rogoff v San Juan Racing Assn. (54 NY2d 883), the defendants moved for summary judgment dismissing the complaint on statute of frauds grounds. In opposition, the plaintiff argued that the statute of frauds defense had been waived because the defendant had not asserted it as an affirmative defense (see Rogoff v San Juan Racing Assn., 77 AD2d 831, 832, affd 54 NY2d 883). The First Department, citing the commentary accompanying CPLR 3018(b), determined that the plaintiff could not have been surprised by that defense given that the issue had been explored during discovery and in the plaintiff's examination before trial (see id. at 832). The Court of Appeals affirmed that determination (see Rogoff v San Juan Racing Assn., 54 NY2d at 885-886; see generally Munson v New York Seed Improvement Coop., 64 NY2d 985, 986 [in determining a waiver of an affirmative defense, Court of Appeals examined the parties' pleadings pursuant to CPLR 3018(b)]).
The majority's view has not been adopted by the Appellate Divisions of the other Judicial Departments (see e.g. Lerwick v Kelsey, 24 AD3d 918, 919-920 [3d Dept 2005]; Sheils v County of Fulton, 14 AD3d 919, 921 [3d Dept 2005]; Allen v Matthews, 266 AD2d 782, 784 [3d Dept 1999]; Rogoff v San Juan Racing Assn., 77 AD2d at 832 [1st Dept 1980], affd 54 NY2d 883) and cannot be reconciled with the scholarly commentary about the nature of affirmative defenses and the pleading requirements of the CPLR. For example, in the authoritative text New York Practice, Professor David Siegel points out, in his chapter concerning affirmative defenses, that when "the plaintiff introduces in the complaint a matter that would ordinarily be an affirmative defense for the defendant to plead, the defendant's omission to plead it should not be held a forfeiture" (Siegel, NY Prac § 223 [6th ed Dec. 2018 Update]). This position is consistent with the intent underlying CPLR 3018(b), concerning affirmative defenses, which requires that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (see generally Rogoff v San Juan Racing Assn., 54 NY2d at 885-886).
Here, the first and third paragraphs of the complaint address the plaintiff's standing, to wit, that the plaintiff is "the holder and owner of the note and mortgage," and contain almost identical language to the first and third paragraphs in Paulsen, Faruque, and Wong, and the Nelson defendants' specific denial of such allegations through their DKIs should be treated in the same way as this Court treated the denials in those cases. Thus, as set forth below, contrary to the position of the majority, I submit that the Nelson defendants did not waive the issue of the plaintiff's standing since they raised it in their answers by way of their specific DKIs as to the truth of the allegations of standing asserted by the plaintiff in the complaint.
This Court's Prior Decisions Regarding Preservation of the
Issue of Lack of Standing
In light of the majority's repudiation of this Court's prior precedent that a defendant who has asserted "specific denials in his [or her] answer" in response to allegations in a plaintiff's complaint pertaining to standing has not waived the defense (South Point, Inc. v Rana, 139 AD3d at 935-936; see US Bank N.A. v Faruque, 120 AD3d at 576), it is important to examine the Court's reasoning in those cases.
In US Bank Natl. Assn. v Faruque (120 AD3d at 576), the plaintiff asserted that it had standing to commence the action in the first paragraph of its complaint, to wit, it was "the owner and holder of a note and mortgage being foreclosed." The defendant answered the complaint and, inter alia, denied that the note was delivered to the plaintiff or that the assignment to the plaintiff had been recorded. This Court held that the defendant's specific denials of the plaintiff's allegations regarding the note and mortgage satisfied the requirements set forth in CPLR 3018(b) with respect to raising the issue of standing (see id.). This Court reasoned that the defendant, in denying those allegations in her answer, provided notice to the plaintiff that she contended that the plaintiff lacked standing [*10]and that a lack of standing defense would not take the plaintiff by surprise (see id.). The defendant was not required to assert lack of standing as an affirmative defense in order to preserve the issue (see id.; see also CPLR 3018[b]).
In Bank of Am., N.A. v Paulsen (125 AD3d at 910), this Court again held that the defendant did not waive the issue of standing even though the defendant did not raise it as an affirmative defense in his answer or in a pre-answer motion to dismiss. In Paulsen, the defendant asserted in his answer that, because no documentary evidence had been submitted, he lacked sufficient information to form any belief as to the truth of the plaintiff's allegation that it was the owner and holder of a note and mortgage being foreclosed. This Court held that "a fair reading of his answer reveals that it contained language which denied that the plaintiff was the owner and holder of the note and mortgage being foreclosed" and, thus, the defendant did not waive the issue of standing (see id.). This Court determined that a lack of standing argument would not take the plaintiff by surprise since the defendant, in effect, denied in his answer that the plaintiff was the owner and holder of the subject note and mortgage (see id.; see also CPLR 3018[b]).
Likewise, in Nationstar Mtge., LLC v Wong (132 AD3d at 826), this Court, citing CPLR 3018, Paulsen, and Faruque, held that the defendant "raised the issue of the plaintiff's standing by interposing an answer which, in effect, denied the plaintiff's allegation that it was the holder of the note." There, the plaintiff, who was not the original lender, alleged in the first paragraph of the complaint that it was the "owner and holder of a note and mortgage being foreclosed," and in the third paragraph that "[t]he mortgage was subsequently assigned to [the plaintiff] by assignment." In his answer, the defendant asserted that he "ha[d] insufficient information to form a believe [sic] as to admit or deny the allegations" in paragraphs 1 through 13 of the complaint. This Court found that the defendant's denial of the relevant allegations sufficient to preserve the issue of standing (see id.).
Thereafter, in Bank of Am., N.A. v Barton (149 AD3d at 676), the defendants, in their original answer, asserted DKI as to the truth of the allegation that "Plaintiff is in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note." In their amended answer, the defendants denied those same allegations. This Court determined that the plaintiff was required to establish its standing on its motion for summary judgment because the defendants' answer contained language denying that the plaintiff was the owner and holder of the note and mortgage being foreclosed (see id.).
I submit that the bright line test articulated by this Court in Barton (149 AD3d at 678), Wong (132 AD3d at 826), Paulsen (125 AD3d at 910), and Faruque (120 AD3d at 576) is sound and should not be repudiated. Indeed, in cases where there is no pre-answer motion to dismiss or explicit terminology entitled "defense" or "affirmative defense" in an answer but the answer contains denials of allegations in a complaint that contains facts and/or legal conclusions pertaining to the plaintiff's standing, the question should turn on whether the defendant has asserted specific denials sufficient to alert the plaintiff that its allegations of standing are in issue or whether the denials are too general and conclusory such that the plaintiff would not reasonably have notice that standing is in issue.
As noted, I submit that the Nelson defendants' answers in this action are sufficiently specific to alert the plaintiff that standing is in issue.
The Complaint and the Nelson Defendants' Answers
In the case before us, and in the cases discussed supra, where this Court found that the issue of standing was not waived, the paragraphs at issue did not lump together a set of allegations pertaining to a variety of matters. Rather, the first paragraph of the complaint in each respective case set forth that the plaintiff had standing to commence the action, to wit, that it was the owner and holder of the note and mortgage at issue, and, in each case, the defendants specifically denied that allegation or DKI'd as to the truth of that allegation (see US Bank Natl. Assn. v Faruque, 120 AD3d at 576; see also Bank of Am., N.A. v Barton, 149 AD3d at 678; Nationstar Mtge., LLC v Wong, 132 AD3d at 826; Bank of Am., N.A. v Paulsen, 125 AD3d at 910).
Here, as in Barton, Wong, Paulsen, and Faruque, the plaintiff's allegations in the complaint assert, in effect, that it had standing to commence the action. Each of the Nelson defendants, in their pro se answers, admitted that they had duly executed and delivered the note obligating them to pay the unpaid balance of the debt (second paragraph), but DKI'd as to the truth of whether the plaintiff was an "owner" and "holder" of the note (first paragraph), and whether an [*11]assignment of the mortgage to the plaintiff was recorded (third paragraph). The Nelson defendants' separate, identical answers consisted of handwritten responses on court-issued forms. On these forms, the Nelson defendants' only option was to list the number of each paragraph in designated spots either admitting allegations in the paragraph or denying knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph. The Nelson defendants were deemed to have denied each and every other allegation in the complaint which was not contained in the selected paragraphs.
Thus, the Nelson defendants, in effect, specifically denied the plaintiff's allegation that it was the owner and holder of the note at the time the action was commenced and, by doing so, put the plaintiff on notice that standing was in issue, consistent with CPLR 3018(b).
Accordingly, in light of this Court's precedent and pursuant to the facts of this case, it is my position that the Nelson defendants did not waive the issue of standing as a defense (see CPLR 3018[b]; Bank of Am., N.A. v Barton, 149 AD3d at 678; Nationstar Mtge., LLC v Wong, 132 AD3d at 826; Bank of Am., N.A. v Paulsen, 125 AD3d at 910; US Bank Natl. Assn. v Faruque, 120 AD3d at 576).
Since the Nelson defendants put standing in issue, the plaintiff was required to prove its standing in order to be entitled to a judgment of foreclosure and sale (see Bank of N.Y. Mellon v Gales, 116 AD3d 723, 724; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932). As discussed below, the plaintiff failed to do so.
Plaintiff Failed to Establish a Prima Facie Showing of
Standing
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, it was either the holder or assignee of the underlying note (see U.S. Bank, N.A. v Noble, 144 AD3d at 787). A "holder" is the person in possession of the subject note "payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see U.S. Bank N.A. v Clement, 163 AD3d at 743). Here, the evidence submitted by the plaintiff in support of its motion for a judgment of foreclosure and sale did not demonstrate that the note was physically delivered to it payable either to the bearer or to the plaintiff, or that the note had been assigned to it prior to the commencement of the action (see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 682-683; HSBC Bank USA v Hernandez, 92 AD3d 843, 844). The plaintiff did not attach a copy of the note to the complaint, and there is nothing in the record connecting the plaintiff's alleged possession of the note to its commencement of this action. The affidavit of the Vice President of Loan Documentation of Wells Fargo Bank, N.A., as servicer for the plaintiff, stated in a conclusory fashion that the plaintiff or an agent of the plaintiff was in possession of the note, without providing any factual details of a physical delivery and failing to specify when the plaintiff acquired the note or whether the plaintiff possessed the note prior to the commencement of the action. Moreover, this affidavit (1) failed to show that the servicer's records had any connection with the plaintiff's records; (2) failed to specify which records were reviewed; (3) failed to show how the servicer's records pertained to the note at issue; and (4) did not have the records attached. Thus, the plaintiff failed to establish that it was the holder of the note prior to commencing the action (see US Bank Natl. Assn. v Faruque, 120 AD3d at 577; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682). The record only contains documents that indicate that the plaintiff acquired the subject mortgage from Mortgage Electronic Registration Systems, Inc., by assignment on August 10, 2009; the record contains no documents showing that the plaintiff possessed the note or that the note was transferred to it. The plaintiff therefore failed to demonstrate that it was the holder or assignee of the note at the time the action was commenced (see Bank of Am., N.A. v Paulsen, 125 AD3d at 910-911; US Bank Natl. Assn. v Faruque, 120 AD3d at 577) and therefore did not establish, prima facie, that it had standing to commence this action (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703-704).
Accordingly, I would modify the order appealed from by deleting the provision thereof granting the plaintiff's motion, and substituting therefor a provision denying the plaintiff's motion.
The Supreme Court Properly Denied the Nelson Defendants'
Cross Motion to Dismiss
Notwithstanding the foregoing, I concur with my colleagues in the majority to the extent that they affirm so much of the order as denied the Nelson defendants' cross motion to dismiss the complaint insofar as asserted against them. Even though the plaintiff did not establish, prima facie, that it had standing to commence this action, I agree with the Supreme Court's denial of that [*12]branch of the Nelson defendants' cross motion which was to dismiss the complaint insofar as asserted against them on the ground of lack of standing (see US Bank Natl. Assn. v Faruque, 120 AD3d at 578). "The issue of standing cannot be determined as a matter of law on this record, since a question of fact remains with respect to the issue of whether the plaintiff was the lawful holder of the note when it commenced the action" (id.; see Bank of Am., N.A v Paulsen, 125 AD3d at 911).
The RPAPL 1303 Notice
For the reasons articulated by the majority, I agree and therefore concur with my colleagues that the denial of that branch of the Nelson defendants' cross motion which was to dismiss the complaint insofar as asserted against them for lack of service of the RPAPL 1303 notice was proper (see e.g. Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 102-103).
Conclusion
Accordingly, for the reasons set forth above, I would modify the order by denying the plaintiff's motion for a judgment of foreclosure and sale, since a triable issue of fact exists regarding whether the plaintiff was the holder of the note at the time the action was commenced (see Bank of Am., N.A. v Paulsen, 125 AD3d at 911; US Bank Natl. Assn. v Faruque, 120 AD3d at 578; HSBC Bank USA v Hernandez, 92 AD3d at 844).
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:Since the allegations under review in the complaint before us were purely factual in nature, and did not consist of mere legal conclusions (e.g., "the plaintiff has standing to commence this action"), our current analysis is limited to a discussion of the effect of a denial of such factual allegations. We express no opinion herein with regard to the question of what effect a denial of an allegation setting forth mere legal conclusions might be.

Footnote 2:Our dissenting colleague's additional reliance upon the decisions in Red Hook Marble, Inc. v Herskowitz & Rosenberg (15 AD3d 560) and Green Bus Lines v Consolidated Mut. Ins. Co. (74 AD2d 136) as authority for the proposition that the Nelson defendants did not need to assert standing as an affirmative defense because the allegations of the plaintiff's complaint already put standing in issue is misplaced. In both Red Hook and Green Bus Lines, the complaints actually set forth the facts supporting the defenses subsequently relied upon by the defendants in those actions, a highly unusual circumstance that distinguishes those decisions from the case before us. Conversely, in the present case, the plaintiff's complaint did not set forth any facts to support a defense of lack of standing; rather, it unequivocally alleged that the plaintiff was the owner and holder of the note and mortgage being foreclosed, thereby negating any standing issue. Likewise, the dissent's further citation to decisions of this and other appellate courts which hold that an unpleaded defense may serve as the basis for summary judgment in limited circumstances and absent surprise or prejudice to the opponent fails to overcome the relevant decisional law governing waiver of the defense of standing set forth herein. 

Footnote 1:The issue of whether a plaintiff in a mortgage foreclosure action has standing is particularly significant given the financial crisis that certain banks plunged this country into in the early part of this century with their questionable and outright unethical business practices and the continuing allegations by the defense bar of rampant fraud in the industry, including whether plaintiffs actually have any connection whatsoever to the notes and debts sued upon in the cases before the courts (see e.g. Brady Dennis, Supervisors directed banks' mortgage misconduct, HUD report says, The Washington Post, Mar. 13, 2012). These policy considerations, however, have not been raised here nor am I suggesting that the plaintiff in this action is alleged to have engaged in any wrongdoing whatsoever.

Footnote 2: See e.g. Stark v Goldberg, 297 AD2d 203, 204 (1st Dept 2002) (plaintiff cannot proceed in the absence of standing, so derivative action properly subject to sua sponte dismissal despite lack of any assertion by defendants objecting to plaintiff's standing); Axelrod v New York State Teachers' Retirement Sys., 154 AD2d 827, 828 (3d Dept 1989) (since standing is jurisdictional and goes to a court's authority to resolve litigation, court can raise matter sua sponte and dismiss complaint); Matter of Eaton Assoc. v Egan, 142 AD2d 330, 334-335 (3d Dept 1988) ("Standing goes to the jurisdictional basis of a court's authority to adjudicate a dispute" and thus a complaint is subject to sua sponte dismissal despite a defendant's failure to raise an objection to lack of standing).

Footnote 3: There, the Court, in its majority opinion deciding the issue of whether the plaintiffs in that action had standing to challenge a law enacted by Suffolk County which, in essence, prohibited retail food establishments from using plastic packaging (denominated by that Court as the Plastics Law), never addressed the issue of whether the defendant had challenged the plaintiffs' standing in its answer. Rather, the dissent in that matter pointed out in a footnote that, "[i]n its original answer [the defendant Suffolk County] did not raise the issue of plaintiffs' standing to contest [whether the County in enacting the Plastics Law had complied with the State Environmental Quality Review Act]" (77 NY2d at 785 n 4 [Hancock, Jr. J., dissenting]). The dissent also noted that the Supreme Court had allowed the County to amend its answer to include it (see id.).

Footnote 4: For example, in JP Morgan Chase Bank, N.A. v Butler (129 AD3d at 780), this Court held that a standing defense was waived where the pro se defendant asserted only a general denial of allegations contained in the complaint and failed to check a box for any of eight defenses listed on the court-issued form entitled "Verified Answer To Foreclosure Complaint" including the defense of "Lack of Standing to Sue: Plaintiff does not have standing to sue because it was not the legal owner of the Note and/or Mortgage at the time it commenced this foreclosure lawsuit."

Footnote 5: Notably, in JP Morgan Chase Bank, N.A. v Butler (129 AD3d at 780), the court-issued form answer provided to pro se defendants to be used in foreclosure actions expressly links the defense of lack of standing with the allegation that a "[p]laintiff does not have standing to sue because it was not the legal owner of the Note and/or Mortgage at the time it commenced this foreclosure lawsuit."

Footnote 6: Not every complaint in a mortgage foreclosure action will be construed as raising the issue of standing and not every answer will be deemed to specifically deny any such allegation (see South Point, Inc. v Rana, 139 AD3d at 935-36; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d at 780); rather, each complaint is sui generis, and consistent with the purposes of the CPLR, must be examined, together with the answer, to ascertain what issues are in controversy and what issues are not. Here, the issue of standing, I submit, was plainly raised by the plaintiff in its complaint.

Footnote 7: Significantly, here, not only does the complaint specify that the plaintiff is "the owner and holder of a note and mortgage being foreclosed" and that "[t]he mortgage was subsequently assigned to [the plaintiff] by assignment dated August 10, 2009," an affirmation of the plaintiff's attorney, dated April 30, 2014, expressly provides "I have reviewed the Summons and Complaint filed with the Court, . . . and have confirmed . . . that plaintiff is the holder of the note and the proper entity to have commenced the proceeding."